Wilmeb, J. Patlow, J.
Defendant is charged by the Monroe County Grand Jury with the crime of reckless endangerment in the second degree, a Class A misdemeanor.
A trial was held before this court without a jury, and at the conclusion of the People’s case, defendant moved to dismiss the charge. That motion is the subject matter of this decision.
The statute (Penal Law) under which the defendant is charged reads as follows:
“ § 120.20 Reckless endangerment in the second degree.— A person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.”
In addition, the following statute is relevant to the court’s consideration of this motion:
“ § 120.00 Assault in the third degree.— A person is guilty of assault in the third degree when: 1. With intent to cause physical injury to another person, he causes such injury to such person or to a third person ”.
The evidence showed that defendant approached complainant, one David Pittman, from the rear and knocked him to the ground with his bare hand. A free-for-all ensued involving several persons. The evidence further showed that the complainant received substantial injuries.
Defendant argues that his conduct by its very nature could not constitute reckless endangerment in the second degree, and that the very fact that complainant received physical injury removes this case from the purview of the statute, and that the proper charge against the defendant should be assault in the third degree.
The People contend that even though the victim sustained injuries, it is “ irrelevant ” and that defendant’s very act of knocking complainant to the ground constitutes the element of reckless conduct contemplated by the statute.
The court cannot agree with the People’s position.
A brief review of the legislative history of the revised Penal Law shows that reckless endangerment is considered a new crime and is applicable to reckless conduct which creates a risk of, but does npt result in, physical injury. (See Commission Staff Notes, Gilbert Criminal Law and Procedure, 1971, at p. 2-261.) The new offense forms a phase of the revised assault pattern of the Penal Law and is in addition to, and not a substitute for, the crimes of assault and/or attempted assault. *724 (See Practice Commentary by Denzer and McQuillan, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 120.20, pp. 217-218.)
Judging the facts in this case in the light of that legislative history, the court feels compelled to grant defendant’s motion, and must therefore dismiss the charge accordingly.