■ In the Matter of LOUIS A., Appellant.—In a juvenile delinquency proceeding, the appeal is from an order of the Family Court, Kings County, dated October 7, 1974, which, upon a determination after a fact-finding hearing that appellant was a juvenile delinquent, placed him on probation for a period of one year. Order affirmed, without costs or disbursements. Appellant, then 12 years old, together with two others, participated in an incident which resulted in the death of a boy under a subway train. Although there is insufficient evidence to prove that appellant pushed the victim onto the tracks, the evidence is clear that appellant participated in shoving the victim, prevented him from boarding the train, and ran after him on the subway platform. The Family Court's finding, that appellant committed acts which, if done by an adult, would constitute the crime of reckless endangerment in the second degree (see Penal Law, § 120.20), required a determination that appellant had recklessly engaged in conduct which created a substantial risk of serious physical injury. Appellant clearly acted recklessly (see Penal Law, § 15.05, subd 3). As a frequent subway rider, he was certainly aware that pushing, chasing or threatening another on a subway platform could result in serious physical injury. Appellant

nevertheless consciously disregarded that risk and engaged in conduct which created such fear in the victim that, to escape from appellant, he jumped from the platform to the gate between two subway cars, plunging to his death. Under these facts, reckless endangerment in the second degree is a lesser included offense of manslaughter in the second degree, which was charged in the petition. Both crimes require reckless conduct; the only difference is the degree of harm. Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Hawkins, JJ., concur.