■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK MILITANA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered April 6, 1976, convicting him of manslaughter in the first degree and possession of a weapon, dangerous instrument and appliance, as a felony, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of manslaughter in the first degree, and the sentence imposed thereon, and new trial ordered as to the said charge. As so modified, judgment affirmed. No findings of fact were presented for review. Notwithstanding defense counsel's timely request that the court charge the jury as to the elements of manslaughter in the second degree and criminally negligent homicide, the jury was instructed to consider only the crimes of murder, manslaughter in the first degree and manslaughter in the second degree. The jury was further instructed that it could consider manslaughter in the second degree only if it first found the defendant to have been intoxicated. Where any view of the facts would permit a jury to find a defendant guilty of a lesser crime, the Trial Judge must submit such crime to the jury for its consideration *(People v Asan,* 22 NY2d 526). Upon the facts in this case, the jury could have found the defendant guilty of reckless homicide (manslaughter in the second degree under the Penal Law [§ 125.15, subd. 1]) and have acquitted him of the higher degrees of homicide, which require intent. Accordingly, it was error for the trial court to have qualified the charge as to manslaughter

in the second degree (see *People v Usher,* 39 AD2d 459, affd 34 NY2d 600). Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.