E. Leo Milonas, J.
Defendant, along with another individual, is charged in two separate indictments with a total of nine counts of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third and fifth degrees. He now moves, pursuant to CPL 210.20 (subd 1, par [i]) and CPL 210.40, to dismiss the indictment against him in the interests of justice in that "such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice.” (CPL 210.40, subd 1.)
The defendant bases his motion on two separate although related grounds, since both arise from his purportedly grave emotional and psychological disturbances. First, it is claimed that due to his severe mental problems, the defendant lacked the capacity to resist the induements of an informant acting in co-operation with law enforcement authorities. Second, the defendant asserts that the sentence of mandatory imprisonment which he faces upon conviction would be highly detrimental to his future rehabilitation and, in fact, he might not even be able to outlive a term of incarceration at all.
According to defense counsel, the defendant, "the son of an extremely wealthy and successful partner in a major pharmaceutical company”, is suffering from deeply rooted psychological disorders caused primarily by his relationship to a dominating, controlling father. The father, it is alleged, dictated his offspring’s choice of college and Wall Street profession, as well as generally tried to force the defendant to conform to his *936 —the father’s — image. As a consequence of the defendant’s background, and presumably his difficulty in coping with everyday life, he was especially vulnerable to the manipulations of the informant. Further, the defendant is currently receiving excellent psychiatric care and responding well to treatment. If the defendant were to be incarcerated, the defendant’s attorney contends, his progress toward rehabilitation would not only be seriously undermined, but might possibly be destroyed altogether, and it is questionable that the defendant could even survive a period of imprisonment due to the intense emotional distress and anxiety that would be a result thereof. The defendant’s precarious psychological condition, as well as his possible suicidal tendencies, are, moreover, supported by letters from attendant physicians.
The issue then is whether a defendant’s mental illness constitutes such a "compelling factor, consideration or circumstance” as to warrant dimissal under CPL 210.40. This court holds that it does not. The fact that the defendant herein has recently inherited a great deal of money and can afford the finest medical care is entirely immaterial. By middle-class standards, the vast majority of persons convicted of criminal offenses is afflicted with some form of emotional or psychological problem, or it is not likely that they would have committed antisocial acts in the first place. The major difference between this defendant and most other defendants is that Mr. Lasdon did not have the misfortune to be born into an impoverished family in a poor neighborhood. While some may believe that due to the defendant’s background, he may be more amenable to Freudian or other conventional theraphy than is the average indigent suspect, this is not a sufficient reason to dismiss the indictment against him. To do so would be, in effect, to provide the defendant with privileged treatment under the law, since dismissal of indictments on the grounds urged here is not ordinarily a remedy available to less affluent defendants who are not in the same position to afford expert psychiatric attention. (See People v O’Neill, 85 Misc 2d 130, wherein the court held, in a case in which the accused was a high scholastic achiever at Columbia University, as well as active in sports and other extracurricular activities, that a defendant’s more exalted social, economic or educational status does not make him immune from the normal processes of the criminal law.)
As to the defendant’s contention that incarceration would *937 be extremely detrimental to his rehabilitation and general well-being, this is a specious argument for purposes of a motion to dismiss. Prisons are not pleasant places; they rarely offer a hospitable environment to their inmates. People who have been convicted of crimes are sentenced to them not because prisons are deemed to be beneficial, but because these individuals have committed unlawful acts for which they are being punished. At any rate, if there is a clear indication of the defendant’s suicidal proclivities, this is a matter more properly to be raised at sentencing. At that time, the court will take into consideration all the relevant factors, as it will with any other defendant, in order to determine the most appropriate disposition under the circumstances. Similarly, the issue of entrapment which is herein alleged is a defense which must be raised at trial. It does not affect the validity of the indictment.
Consequently, the defendant’s motion for a hearing under People v Clayton (41 AD2d 204), for the purpose of dismissing the indictment in the furtherance of justice is denied.