■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR FIGUEROA, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered September 15, 1978, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. In our view it was error for the trial court to charge the jury that it was to consider the lesser included crime of reckless endangerment in the second degree "only if you have determined that the conduct of Hector Figueroa [the defendant] did not cause the death of Linda Figueroa", and later that "In reckless endangerment you must believe beyond a reasonable doubt that the defendant created a substantial and unjustifiable risk of serious physical injury, which includes death, but that that risk did not cause the death of Linda Figueroa". Apart from the tendency of such charge to place an impermissible burden of proof upon the defendant (see *Sandstrom v Montana,* 442 US 510), we are of the opinion that it was improper to qualify the charge by providing, *inter alia,* that it might only be considered once it had been

determined that the defendant's manner of operating his motor vehicle did *not* cause the death of the victim (see *People v Militana,* 56 AD2d 612; *People v Usher,* 39 AD2d 459, affd 34 NY2d 600). Under the facts of this case, in which the jury was asked to consider the crimes of manslaughter in the second degree and criminally negligent homicide in addition to reckless endangerment in the second degree, it could have been determined that the defendant had consciously disregarded a substantial and unjustifiable risk that *serious physical injury* would result from his actions (see Penal Law, § 120.20), without concomitantly finding that he had consciously disregarded a substantial and unjustifiable risk that *death* would result (see Penal Law, § 125.15, subd 1) or that he had *failed to perceive* a substantial and unjustifiable risk of death under circumstances constituting criminal negligence (see Penal Law, § 125.10). Defendant's culpable mental state was, of necessity, very much in issue at trial, and upon a finding that the People had failed to establish the requisite mental culpability for either of the homicide charges beyond a reasonable doubt, defendant's conviction of the lesser included crime of reckless endangerment in the second degree remained a distinct possibility* (see *People v Stanfield,* 36 NY2d 467; *People v Haney,* 30 NY2d 328; cf. *People v Perez,* 45 NY2d 204; *Matter of Louis A.,* 54 AD2d 712). The *absence* of a causally related death forms no part of the statutory definition of reckless endangerment in the second degree (Penal Law, § 120.20) and when charged in a case such as this, where death did occur, the qualification could have had no effect other than to confuse the jury, as was reflected by the questions posed to the court during deliberations. Although not necessary to our determination, we are compelled to note that the sentencing court appears to have allowed certain impermissible elements to enter into its determination as to the length of defendant's sentence, and that the foregoing should not be repeated upon any conviction which may result from the retrial. We have considered defendant's remaining contention and find it to be lacking in merit. O'Connor, J. P., Rabin, Gulotta and Margett, JJ., concur.

---

* In this regard, it is important to note that the statutory definition of "serious physical injury" includes "physical injury which creates a substantial risk of death, *or which causes death",* but does not limit itself to those life-threatening situations (Penal Law, § 10.00, subd 10).