OPINION OF THE COURT
Walter M. Schackman, J.
the ISSUE
Upon an indictment for attempted intentional murder, intentional assault and reckless endangerment the defendant was convicted of the last charge. Subsequently the victim died allegedly as a result of the original incident. Can the defendant now be prosecuted for “depraved mind” murder or is such prosecution barred by the principles of double jeopardy?
THE FACTS
After an incident that occurred on July 6,1976, in which the original complaining witness, Felix Fonseca, was severely injured, the defendants — Julio Rivera and Angel Suarez — were indicted and prosecuted under four counts:
The first count, attempted murder in the second degree, brought under the theory that the defendants had acted intentionally was dismissed by the Trial Judge. A jury *527 acquitted them of the second charge, assault in the first degree, which also was presented under a theory of intent.
The third count was reckless endangerment in the first degree, an offense not grounded in an intent to injure or kill the victim. The defendants were convicted of this charge, as well as the final charge, criminal possession of a weapon in the fourth degree, a misdemeanor. The defendants were sentenced to State prison for a period of 2 to 7 years and were on parole status at the time of this motion.
On or about November 27,1980, Fonseca, who had been hospitalized since the incident, died. It is now alleged that his death resulted from injuries received in the original incident. Rivera and Suarez are currently indicted for murder in the second degree, under the theory that “[u]nder circumstances evincing a depraved indifference to human life, [they] recklessly engage[d] in conduct which create[d] a grave risk of death to another person, and thereby cause[d] the death of another person”. (Penal Law, § 125.25, subd 2.)
The defendant Julio Rivera[1] moves to dismiss the indictment arguing that a prosecution thereon violates CPL 40.20 and the Federal and State Constitutions on the grounds that such prosecution is barred by principles of double jeopardy and collateral estoppel.
THE CONCLUSIONS OF LAW
The Fifth Amendment prohibits placing a person twice in jeopardy for the same offense and the doctrine of collateral estoppel embodied therein provides that when “an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.”[2]
These principles form the basis of New York’s CPL 40.20, 40.30 and 40.40.
CPL 40.40 (subd 2) provides: “When (a) one of two or more joinable offenses of the kind specified in subdivision one is charged in an accusatory instrument, and (b) *528 another is not charged therein, or in any other accusatory instrument filed in the same court, despite possession by the people of evidence legally sufficient to support a conviction of the defendant for such uncharged offense, and (c) either a trial of the existing accusatory instrument is commenced or the action thereon is disposed of by a plea of guilty, any subsequent prosecution for the uncharged offense is thereby barred.”
The complusory joinder statute makes it unnecessary for this court to speculate on the rational basis for the jury verdict to determine whether a prosecution for reckless assault is barred by the doctrine of collateral estoppel. (See Ashe v Swenson, 397 US 436, 444-445.)
Clearly, as the People concede, since reckless assault was not charged in the first indictment, the defendant could not be prosecuted for this crime anytime after the first trial.
However, because the complainant has now died, allegedly as a result of the initial incident, the People have come forth with a new indictment charging that “under circumstances evincing a depraved indifference to human life, the defendant recklessly engaged in conduct which created a grave risk of death to Felix Fonseca, and thereby caused the death of Felix Fonseca.” The People rely upon CPL 40.20 (subd 2, par [d]) as the legal sanction for their action.
The principle that “A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction” is subject to certain very limited exceptions. A second prosectition is not barred when: “One of the offenses is assault or some other offense resulting in physical injury to a person, and the other offense is one of homicide based upon the death of such person from the same physical injury, and such death occurs after a prosecution for the assault or other non-homicide offense”. (CPL 40.20, subd 2, par [d].)
The reason for the exception is obvious. It is impossible to prosecute anyone for homicide until the victim is dead. Death which occurs subsequent to a trial for assault is regarded as a supervening fact which creates a new offense *529 for which the defendant was not in peril at the time of the original trial. Thus, prosecuting him for murder after conviction for the assaultive act does not place him in jeopardy twice (Diaz v United States, 223 US 442, 449).
When someone is injured the alleged assailant must be tried as soon as possible. To wait for the victim to either recover or die before proceeding to try the perpetrator would violate all notions of due process and the right to a speedy trial. The alleged offender would be forced to live with a Sword of Damocles over his head, not knowing with what crime he would be charged or when he would be tried. Moreover, if guilty, he would go unpunished for an indefinite period of time, and the public would be denied the protection of the law, until — if ever — the ultimate possible result of the assault was determined. In Brown v Ohio (432 US 161, 169) the Supreme Court held that the “Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense” but noted (p 169, n 7), “An exception may exist where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence.” Thus, while the exception is viable it can operate only when the double jeopardy clause itself would not be violated. It cannot be used to circumvent the principle that a person cannot be tried twice for the same offense.
In Brown (supra) the Supreme Court held that the double jeopardy clause of the Fifth Amendment barred a prosecution and punishment for the crime of auto theft after the defendant had been prosecuted and punished for the lesser included offense of operating the same vehicle without the owner’s consent (joyriding). The court (p 168) applied the Blockburger test[3] and found that where under State law every element of the lesser offense was also an element of the greater, then joyriding and auto theft constituted “ ‘the same statutory offense’ within the meaning *530 of the Double Jeopardy Clause.” Conviction of the lesser offense precluded a second prosecution for the greater.
In New York, it is clear that the offense of reckless endangerment in the first degree as defined in section 120.25 of the Penal Law constitutes a lesser included offense of the greater offenses: reckless assault (Penal Law, § 120.10, subd 3) and “depraved mind” murder (Penal Law, § 125.25, subd 2).[4]
Furthermore, upon a review of the record of the first trial, this court finds that under the facts of the case, the reckless endangerment conviction would logically have been based upon acts which would constitute a lesser degree of the now glaringly absent reckless assault charge.
In other words, to prove the “depraved mind” murder charge, the State would necessarily have to rely on the same conduct for which the defendant has been convicted, conduct which constituted a necessary element of the “depraved mind” murder charge (Illinois v Vitale, 447 US 410, 420).
The preceding analysis flows as naturally from CPL 40.40.
At the first trial the People possessed all the necessary evidence to determine whether the defendant recklessly assaulted the complainant. The statutory exception found in CPL 40.20 (subd 2, par [d]) cannot be used to allow the People to bring a charge of murder on a theory different from the theory of assault on which the defendant was already prosecuted.
Where CPL 40.40 operates to bar a prosecution for reckless assault (Penal Law, § 120.10, subd 3) it also bars a prosecution for the same offense (Brown v Ohio, supra) albeit a higher degree thereof.
The “spirit [of CPL 40.40] pervades the provisions of CPL 40.20” (People v Fernandez, 43 AD2d 83, 92).
*531 Thus, the New York statutes were enacted to safeguard the constitutional guarantee against double jeopardy, and they cannot be used to circumvent that end.
Accordingly, defendant’s motion to dismiss the indictment is granted.

. Ashe v Swenson (397 US 436, 443).

. In Blockburger v United States (284 US 299, 304) the court stated: “The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.”

. In the instant case the People have argued that in “finding the defendants guilty of reckless endangerment in the first degree the jury necessarily found proof beyond a reasonable doubt of every element of ‘depraved mind’ murder save that of .resulting death.” (People’s Memorandum of Law, p 10.)
Accordingly they have cross-moved to collaterally estop the defendant from litigating any issue save causation. The court’s decision herein renders the People’s motion moot.