THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANGEL SUAREZ and JULIO RIVERA, Respondents.

First Department, November 23, 1982

**APPEARANCES OF COUNSEL**

*Stuart L. Sanders* of counsel (*Alan D. Marrus* with him on the brief; *Mario Merola, District Attorney*, attorney), for appellant.

*Michael P. Joseph* for Julio Rivera, respondent.

**OPINION OF THE COURT**

CARRO, J.

The defendants were accused of striking Felix Fonseca about the head with metal pipes during an altercation with others on July 6, 1976. Fonseca was rendered unconscious and lapsed into a coma. On July 28, 1976, both defendants were indicted and were tried for attempted murder in the second degree (intentional), assault in the second degree (intentional), reckless endangerment in the first degree and criminal possession of a weapon in the fourth degree. The court dismissed the attempted murder count at the end of the People's case. The jury acquitted the defendants of the intentional assault charge but convicted them of reckless endangerment and criminal possession of a weapon. Each was sentenced to a term of 2 to 7 years.

Fonseca remained in a coma until November 27, 1980, when he died. Both defendants were then indicted for murder in the second degree, in that they, "under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to Felix Fonseca by striking Felix Fonseca in the head with metal pipes, thereby inflicting divers wounds and injuries upon Felix Fonseca, and thereafter and on or about [November 27, 1980] the said Felix Fonseca died of said wounds and injuries."

Defendant Rivera moved to dismiss the indictment claiming the prosecution was barred, pursuant to CPL 40.20 and both State and Federal Constitutions, by reason of a previous prosecution for the very same criminal transaction which placed him in jeopardy for the second time (111 Misc 2d 526). The People, in rebuttal, relied substantially upon the exception based upon the impossibility of charging homicide before the victim's death, which was codified in CPL 40.20 (subd 2, par [d]). To this the defendant maintained that the result of the first prosecution, where the attempted intentional murder charge was dismissed and the defendants were acquitted of intentional assault and convicted of reckless endangerment, indicated that the jury found them not to have been responsible for the injuries sustained by the deceased, and accordingly they were thus protected by the doctrine of collateral estoppel. They argue that they were acquitted of the assault and attempted murder which resulted in the injuries but were convicted of the reckless endangerment which does not include the element of physical injury, citing the Practice Commentaries to sections 120.10, 120.20 and 120.25 of the Penal Law (Hechtman, McKinney's Cons Laws of NY, Book 39, pp 356, 363, 365); the Commission Staff Notes on the Proposed Penal Law; *People v Miller* (69 Misc 2d 722) and *People v Rassano* (NYLJ Oct. 6, 1980, p 15, col 5).

The language of section 120.25 of the Penal Law (reckless endangerment in the first degree) tracks that of subdivision 2 of section 125.25 of the Penal Law ("depraved mind" murder) save the element of the causation of death. The former, of which the defendants were convicted at the

first trial, is a lesser included offense of the latter (CPL 1.20, subd 37). The relevant exception under CPL 40.20 (subd 2, par [d]) provides as follows:

"2. A person may not be separately prosecuted for two offenses upon the same act or criminal transaction unless * * *

"(d) One of the offenses is assault or some other offense resulting in physical injury to a person, and the other offense is one of homicide based upon the death of such person from the same physical injury, and such death occurs after a prosecution for the assault or other non-homicide offense".

The defendants are saying that reckless endangerment may not result in physical injury, so that, if we accept their argument, reckless endangerment does not qualify as "some other offense resulting in physical injury to a person" and thus may not serve as the predicate for the operation of the exception embodied in CPL 40.20 (subd 2, par [d]).

We do not accept that argument. The language of section 120.25 of the Penal Law does not limit its operation only to those instances in which no injury or death is caused. To paraphrase *People v Figueroa* (73 AD2d 674, 675) the absence of a causally related death or injury forms no part of the statutory definition of reckless endangerment in the first degree. In that case, the Second Department found it to be error for the trial court to charge the jury that it was to consider the lesser included crime of reckless endangerment in the second degree only if it determined that the conduct of the defendant did not cause the death of the victim.

The defendants draw the distinction between intentional assault and reckless endangerment by the result, i.e., injury from assault, but no injury from reckless endangerment; whereas the primary distinction lies in the *mens rea,* reckless endangerment requiring no specific intent to injure or kill any victim. While it is correct that there *need* be no injury resulting from reckless endangerment, the presence of such an injury does not vitiate liability, where all of the other elements are present. Once having imposed liability for a recklessly created grave risk of death under

circumstances evincing a depraved indifference to human life, the statute does not remove that liability because injury occurs. That would be an anomalous result, not in keeping with logic and the statutory scheme of articles 120 and 125 of the Penal Law.

The order of the Supreme Court, Bronx County (SCHACKMAN, J.), entered November 17, 1981, which dismissed the indictment charging defendants with murder in the second degree, should be reversed, on the law, and the indictment should be reinstated.

SULLIVAN, J. P., SILVERMAN and FEIN, JJ., concur.

Order, Supreme Court, Bronx County, entered on November 17, 1981, unanimously reversed, on the law, and the indictment reinstated.