OPINION OF THE COURT
Lewis L. Douglass, J.
The defendant is charged in two indictments with selling vials of crack for $10 to undercover officers on different occasions in June of 1987, when he was 17 years old.
As might be expected, he has been a serious behavioral problem and has a long history of involvement in the Family Court. While these matters were pending in this court, his Family Court matters eventually culminated in an order placing him in a Division for Youth rehabilitative center for delinquent children, where he will be held until his 18th birthday. At this point, therefore, two components of the criminal justice system are both focusing its resources on this 17-year-old defendant. This court processing two indictments, while the Division for Youth attempts to deal with the defendant’s problem while he is a resident of the rehabilitative center.
*857 In this motion the defendant’s attorney, provided by the Legal Aid Society, argues that it is counterproductive for the adult component of the criminal justice system, i.e., this court, to proceed against the defendant, when at the same time the defendant is being treated in a rehabilitation center run by the State Division for Youth, particularly in this case, since the District Attorney has recommended probation as the appropriate disposition.
This dual approach is counterproductive, since if the rehabilitative programs are successful, they would be seriously undermined, if the defendant is placed in a position, where after discharge from the rehabilitative center he starts life with both the encumbrance of a conviction (albeit youthful offender) and the requirement that he report to a probation officer, particularly one who has never been involved in the development of the treatment plan of the rehabilitative center.
The District Attorney opposes the motion by arguing that the reports from the rehabilitative center suggest that the defendant’s adjustment, at this time, at the center is at best marginal.
But, the issue here is not whether the rehabilitative effort of the Division for Youth will be successful. A significant number of individuals in any of the various rehabilitative treatment modalities, i.e., probation, parole, the Division for Youth, will not at the halfway mark in their treatment reveal records which will indicate that the treatment has been successful. Moreover, the unfortunate fact is that a substantial number of people that move through the various supervisory and treatment programs within the criminal justice system are not rehabilitated. Each component in the system, however, must work on the assumption that the other components will use their best effort to successfully discharge their statutory responsibility. This is particularly true when considering the efforts of the Division for Youth, otherwise, we would write off hundreds of young people by simply assuming nothing could be done to bring about their adjustment.
Since the system must work on the assumption that the various rehabilitative programs will achieve their goals, it would be sufficient to dismiss these indictments merely on the grounds that continued prosecution will undermine the efforts of the Division for Youth. The considerations which a court must consider in deciding "interest of justice motions” are, *858 however, not limited to a consideration of what is in the "interest” of the defendant, but the court is also required to consider what is in the "interest” of society at large. Thus, the statute among other things asks the court to consider the purpose and effect of imposing upon the defendant the sentence authorized for the offense and the impact of dismissal upon the confidence of the public in the criminal justice system. Public confidence in the system would be severely undermined if the courts were to sit by and take no corrective action when one component of the criminal justice system proceeds to induce a 17 year old to plead guilty, for the sole purpose of placing him on probation, while at the same time another component of the system has the defendant in custody in a rehabilitative center for juvenile delinquents. ■
I conclude, therefore, that since this defendant is currently enrolled in a rehabilitative center for delinquent children the interest of justice requires that these two indictments pending in the adult system be dismissed.
This constitutes the decision and order of the court.
Counsel is notified that the matter has been recalendared for January 20, 1988, from the date of this order, so that on the return date the District Attorney can indicate whether she intends to appeal or move to dismiss this order.