OPINION OF THE COURT
Eugene W. Salisbury, J.
Defendant brings a motion to dismiss the accusatory instrument essentially arguing that the defendant’s act was intentional, thereby precluding a charge based upon reckless conduct. While the history of prior accusatory instruments alleging intentional conduct by the defendant (assault and menacing) may be interesting, they are not before the court on this motion. Both were dismissed as insufficient. (People v Segool, Just Ct, Vil of Blasdell, May 22, 1991.)
What is before the court is an accusatory instrument charging the defendant with reckless endangerment in the second degree.
The descriptive statement of defendant’s conduct is set forth here at length: "the defendant recklessly engaged in conduct which created a substantial risk of serious physical injury to another person, to wit: that on August 30th, 1989 at about *35 2:10 p.m., the defendant did slam a storm door into the back of your deponent and then did body slam your deponent in the back knocking your deponent down a flight of stairs onto a concrete driveway. Said reckless conduct by the defendant did cause a severe sprain to deponent’s right ankle, severe twisting of muscles and ligaments in deponent’s back and injury to deponent’s left sciatic nerve, causing pain and discomfort which necessitated your deponent to seek medical attention.”
Defendant argues that the accusatory instrument alleges intentional conduct and resulted in injury. In short, the defendant argues that where the assaultive type conduct bears fruit, the crime of reckless endangerment does not lie. The defendant draws the court’s attention to People v Miller (69 Misc 2d 722 [Rochester City Ct 1972]) in support of that position. Defendant’s motion to dismiss at the end of the People’s case was granted in Miller on the ground the complainant received physical injury. The argument was that when the victim sustains physical injury, the conduct is removed from the purview of reckless endangerment and the appropriate charge must be assault in whatever degree is applicable.
The prosecutor’s argument in Miller (supra) puts the present motion in perspective. That is, the fact that the victim sustained injury is not relevant. It is the defendant’s conduct which gives rise to the charge, not the result of that conduct.
Does the victim’s injury demonstrate the substantial risk of injury element of the offense or does it change the nature of the offense?
Donnino, Practice Commentaries (McKinney’s Cons Laws of NY, Book 39, Penal Law § 120.00, at 447) sheds some light on the assaultive conduct area: "There are also the separately defined assaultive crimes of reckless endangerment applicable to reckless conduct which creates either a substantial risk of, but does not result in, serious physical injury, or, under circumstances evincing a depraved indifference to life, creates a grave risk of, but does not result in, death.”
This analysis indicates that if injury or, in the homicide situation, death occurs, the reckless endangerment offenses are not applicable. The commentators carefully use the words, "but does not result in,” in describing the ambit of the offenses.
Each of the three basic assault offenses contains a subdivision on reckless conduct. "He recklessly causes physical injury *36 to another person” (Penal Law § 120.00 [2] [assault, third degree]). "He recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument” (Penal Law § 120.05 [4] [assault, second degree]). "Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk” (Penal Law § 120.10 [3] [assault, first degree]).
In each of those subdivisions, the conduct is not intentional but reckless. In each, injury and/or death ensues. The defendant argues that if the injury occurs the defendant must be charged with assault; that the charge cannot be reckless endangerment since injury is not an element thereof.
Certainly it is true that injury is not required for a charge and a conviction of the offense of reckless endangerment in the second degree. (Penal Law § 120.20.) The question before the court is whether the presence of injury precludes the defendant’s being charged with that offense.
Can one effectively defend a petit larceny charge on the grounds the stolen property is alleged to be worth more than $1,000? Or would a court be required to dismiss an assault, third degree, charge on the basis the injury was serious?
The law does not require such a result. It would be incongruous to believe the Legislature intended that result.
Where all the elements of the offense are alleged, the allegation of injury, though not required, does not mandate that the accusatory instrument be dismissed. (People v Suarez, 90 AD2d 40 [1st Dept 1982]; see also, Matter of Louis A., 54 AD2d 712 [2d Dept 1976]; People v Figueroa, 73 AD2d 674 [2d Dept 1979].) An excess of allegations is not fatal to the pleading.
The motion is denied.