■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARLOS BROWN, Respondent. [598 NYS2d 88] —Appeal by the People from an order of the Supreme Court, Kings County

(Douglass, J.), dated February 21, 1992, which granted the defendant's motion to dismiss Indictment No. 7705/91 in the interest of justice.

Ordered that the order is reversed, on the law, and as a matter of discretion in the interest of justice, the motion is denied, Indictment No. 7705/91 is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

The defendant was charged, as a juvenile offender, with acting in concert with others in the commission of, *inter alia,* robbery in the first degree. However, following the defendant's indictment upon the instant charges, he was adjudicated a juvenile delinquent in the Family Court upon previous charges and ordered placed in a facility of the Division for Youth for 12 months. Based upon this placement, among other things, counsel for the defendant moved for dismissal of the indictment in furtherance of justice, relying upon the rationale of *People v Rogers* (137 Misc 2d 856). The People are now appealing from the court's granting of the motion and dismissal of the instant indictment.

Upon our review of the court's decision as well as the relevant factors set forth in the statute *(see,* CPL 210.40 [1]), we find that the court failed to give proper consideration to all of the statutory factors. We further find no "compelling factor" in this case which would warrant the dismissal of the instant indictment *(see, People v DeBiasi,* 160 AD2d 952, 953; *see also, People v Belkota,* 50 AD2d 118, 120). The trial court's discretion to dismiss an indictment in furtherance of justice is not absolute *(see, People v Schlessel,* 104 AD2d 501, 502). Accordingly, the order appealed from is reversed, and the indictment is reinstated. Bracken, J. P., Balletta, Rosenblatt and Miller, JJ., concur.