■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PERRY SMITH, Respondent. [630 NYS2d 84] —Appeal by the People from an order of the Supreme Court, Kings County (Lewis, J.), dated January 11, 1994, which granted the defendant's motion pursuant to CPL 210.40 to dismiss those counts of Kings County Indictment No. 15209/91 which charged him with robbery in the first degree, robbery in the third degree, and grand larceny in the fourth degree (four counts), and to allow him to plead guilty to criminal possession of stolen property in the fifth degree, a misdemeanor.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, the defendant's motion is denied, the indictment is reinstated in its entirety, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

On the evening of November 15, 1991, Helen Herbert was riding her bicycle on the Brooklyn Bridge bicycle path when the defendant crashed his body into her. The defendant allegedly took Herbert's bicycle and a canvas bag containing Herbert's driver's license, credit cards, and a sum of cash.

On the evening of November 29, 1991, on the steps leading to the footpath of the Brooklyn Bridge, the defendant grabbed Bridget Fleming from behind and threatened to shoot her if she did not give him her pocketbook. After he fled with her pocketbook, Fleming immediately notified the police from a nearby call box. The defendant was apprehended a few blocks away, standing next to Fleming's pocketbook, with her jewelry on his person.

Following his arrest, the defendant admitted to the Fleming robbery. In addition, Herbert identified the defendant in a lineup as the man who had robbed her, and the defendant admitted that he had knocked a girl off of her bike on the bridge and stolen the bike.

In a single indictment, the defendant was charged with robbery in the third degree and two counts of grand larceny in the fourth degree in connection with the Herbert robbery, and robbery in the first degree, two counts of grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree in connection with the Fleming robbery. In March 1992, after approximately four months of pretrial incarceration, the defendant was released to the custody of the Fortune Society, which operates a rehabilitation program as an alternative to incarceration. The defendant was released from the program approximately one year later, after earning the Fortune Society's recommendation for a noncustodial sentence.

The defendant ultimately moved pursuant to CPL 210.40 to dismiss the felony counts of the indictment and to allow him to plead guilty to criminal possession of stolen property in the fifth degree, a misdemeanor. The Supreme Court granted the motion, allowing the defendant to plead guilty to criminal possession of stolen property in the fifth degree with a promised sentence of three years probation. Because we conclude that the court improvidently exercised its discretion, we reinstate the indictment in its entirety.

CPL 210.40 allows a court, as a matter of discretion, to dismiss an indictment or any count thereof based on "the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or

result in injustice" (CPL 210.40 [1]). In determining whether such a factor, consideration or circumstance exists, the court must, to the extent applicable, consider 10 factors set forth in the statute (*see*, CPL 210.40 [1]). Dismissal in the interest of justice requires "a sensitive balancing of the interests of the individual and of the People" (*People v Rickert*, 58 NY2d 122, 127), and the court's power must be exercised sparingly (*see*, *People v Field*, 161 AD2d 660, 661).

Here, the Supreme Court based its decision primarily on the defendant's efforts at rehabilitation through his participation in the Fortune Society's program. The court stated that although it recognized the severity of the crimes with which the defendant had been charged, dismissal of the felony counts was warranted "given [the defendant's] demonstration of good behavior and steps towards becoming a model citizen".

However, the court apparently failed to consider information presented by the People, that on February 22, 1993, less than one month prior to his completion of the Fortune Society's program, the defendant was arrested after a police officer found the defendant in the vicinity of the Brooklyn Bridge choking a woman and attempting to steal her belongings. The complainant left the scene unidentified, and the arrest was subsequently voided. Nevertheless, the court clearly erred in failing to consider this subsequent arrest (*see*, *People v Harmon*, 181 AD2d 34, 38). The fact that the defendant was found engaging in the same pattern of violent, threatening behavior prior to his completion of the Fortune Society's program militates against a finding that his supposed rehabilitation constitutes a compelling factor warranting dismissal of the felony counts of the indictment.

Many of the remaining factors to be considered, including the severity of the crimes, the evidence of guilt, and the impact of dismissal on the safety and welfare of the community (*see*, CPL 210.40 [1] [a], [c], [h]) support the conclusion that the defendant's motion should be denied. Although the defendant maintains that the prosecution is guilty of misconduct because it opposed his motion after acquiescing in his participation in the Fortune Society's program (*see*, CPL 210.40 [1] [e]), we find this argument unpersuasive.

Because no compelling factor exists which clearly demonstrates that prosecution of the defendant would result in injustice (*see*, CPL 210.40 [1]), the Supreme Court improvidently exercised its discretion in dismissing the felony counts of the indictment. The resulting plea agreement was therefore illegal (*see*, CPL 220.10 [5] [d]; *cf.*, *People v Vecchio*, 139 Misc 2d 165,

*affd* 144 AD2d 710). Rosenblatt, J. P., Ritter, Copertino and Hart, JJ., concur. [*See*, 159 Misc 2d 1017.]