[634 NYS2d 752]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES
HUDSON, Respondent.

Second Department, December 11, 1995

### APPEARANCES OF COUNSEL

*Charles J. Hynes, District Attorney* of Kings County, Brooklyn (*Roseann B. MacKechnie, Leonard Joblove, Alyson J. Gill* and *Nancy F. Talcott* of counsel), for appellant.

*Daniel L. Greenberg,* New York City (*Audra Zuckerman, Anita Khashu* and *Philip L. Weinstein* of counsel), for respondent.

### OPINION OF THE COURT

THOMPSON, J.

On June 11, 1991, at approximately 1:50 P.M., the defendant James Hudson approached uniformed Police Officer Denise Dellatorri, who was standing on the corner of Court and Remsen Streets in Brooklyn, placed her in a choke hold and attempted to grab her service revolver. Two other officers arrived on the scene and apprehended the defendant after a brief struggle. The defendant later admitted, "I tried to take the gun out of the police officer's holster; I wanted to choke her to death because she's against me like the rest of them. The other cops saw me and arrested me". The defendant was subsequently charged, *inter alia,* with the crimes of assault in the first degree and attempted robbery in the second degree.

In October 1991, the defendant underwent a psychiatric examination pursuant to CPL 730.30 in order to ascertain his fitness to proceed to trial. He was deemed not fit to proceed to trial and committed to the Mid-Hudson Psychiatric Center until February 1992, when he was found fit to proceed to trial. In April and May of 1992, three psychiatrists examined the defendant, with two of the three concluding that he was not fit to proceed. The defendant was then recommitted to Mid-Hudson

Psychiatric Center until September 1992, when he was again found fit to proceed.

Thereafter, the defendant moved to dismiss the indictment in the interest of justice pursuant to CPL 210.40, i.e., a so-called *Clayton* motion *(People v Clayton,* 41 AD2d 204). In his affirmation, the defense counsel pointed out that the defendant had suffered from mental problems for many years, and that the court-appointed psychiatrists who had examined him pursuant to CPL 730.30 diagnosed him as suffering from schizophrenia and other mental disorders.

By order dated June 18, 1993, the Supreme Court, Kings County, granted the defendant's motion and dismissed the indictment in the interest of justice. The court premised its dismissal of the indictment on the defendant's history of mental illness, and its finding that the defendant, though he admitted his guilt, "lack[ed] an understanding of the wrongness of his action" and of "the consequences and seriousness of his actions". The court concluded that "long term in-patient care will be the best outcome for this defendant" and observed that the defendant had already been placed at the Kingsboro Psychiatric Center, where he would not be permitted to leave without a physician's consent. We reverse.

CPL 210.40 permits the dismissal of an indictment, but only "in that 'rare' and 'unusual' case [which] 'cries out for fundamental justice beyond the confines of conventional considerations' " *(People v Insignares,* 109 AD2d 221, 234, quoting *People v Belge,* 41 NY2d 60, 62-63 [Fuchsberg, J., concurring]; *see also, People v Harmon,* 181 AD2d 34, 36; *People v Serrano,* 163 AD2d 497; *People v Bebee,* 175 AD2d 250). While a trial court possesses discretion to dismiss an indictment pursuant to a CPL 210.40 motion, we have emphasized that a court's discretion "is not absolute" *(People v Brown,* 194 AD2d 548, 549; *People v Schlessel,* 104 AD2d 501). Rather, the court must engage in a "sensitive balancing" process and conclude that there exist compelling factors " 'clearly' " demonstrating that prosecution upon the indictment would constitute an injustice *(People v Rickert,* 58 NY2d 122, 127; *People v Brown, supra; People v Finley,* 104 AD2d 450; *People v Clayton,* 41 AD2d 204, 207-208, *supra; see also, People v Lasdon,* 89 Misc 2d 934).

Contrary to the defendant's contentions, this is not one of those rare and "unusual case[s]" which cries out for justice "beyond the confines of conventional considerations" *(People v Belge, supra,* at 62-63 [Fuchsberg, J., concurring]; *People v Insignares, supra).* Here, the defendant assaulted a police officer

in the presence of several witnesses and subsequently admitted his guilt. These facts do not compellingly demonstrate that further prosecution upon the indictment would constitute an injustice. Moreover, the fact that the examining psychiatrists found the defendant to be afflicted with mental problems upon assessing his fitness to stand trial does not entitle him to the extraordinary remedy of outright dismissal pursuant to CPL 210.40 (see, People v Lasdon, supra; cf., People v Schaffer, 86 NY2d 460).

Further, we agree with the People that the court's rationale for dismissal was, in essence, premised upon a finding that the defendant was not responsible for his conduct by reason of mental disease or defect (see, Penal Law § 40.15). However, a pretrial *Clayton* motion is not the proper vehicle for the dismissal of an indictment upon the grounds of mental disease or defect (cf., People v Saunders, 161 AD2d 611; People v Lasdon, supra). Whether a defendant lacks criminal responsibility by reason of mental disease or defect constitutes a defense which is properly asserted by the defendant at trial and evaluated by the trier of fact (see, Penal Law § 25.00 [2]; People v Kohl, 72 NY2d 191; People v Rahman, 202 AD2d 696; People v Yong Ho Han, 200 AD2d 780). By dismissing the indictment upon a finding that the defendant did not comprehend the wrongness of his conduct, the court prematurely resolved an issue of fact and invaded the province of the jury.

In any event, the record does not support the type of conclusive inference drawn by the court, i.e., that the defendant was unaware that his conduct was wrong. While the psychiatrists who interviewed him certainly found him to be afflicted with mental problems, the principal focus of their examinations was the defendant's present condition and his fitness to stand trial in the future. The various written reports and findings contain no definitive finding or conclusion with respect to whether the defendant knew his conduct was wrongful.

Additionally, the court's disposition conflicts with the policies adopted by the Legislature in cases where defendants have been acquitted due to mental disease and defect (see, CPL art 330). In 1980, the Legislature amended postverdict "procedures for defendants acquitted by reason of mental disease or defect" (Matter of Jill ZZ., 83 NY2d 133, 137; cf., Matter of George L., 85 NY2d 295). The 1980 amendments were prompted, *inter alia*, by concerns that the "court lacked continuing supervision over the acquittee" (Matter of Jill ZZ., supra, at 137). Under

CPL 330.20, an acquittee who is found to suffer from a dangerous mental disorder must be confined to a secure facility until adjudicated no longer dangerous *(see,* CPL 330.20 [1] [f]; [6], [8]). Here, however, the court's order delegates supervision over the defendant's commitment and ultimate release exclusively to his treating physician, thereby terminating the court's supervisory role in a case involving a potentially dangerous and mentally disturbed defendant. It is notable that two of the *Clayton* factors are the impact of a dismissal on the safety and welfare of the community and upon the public's confidence in the criminal justice system *(see,* CPL 210.40 [1] [h], [g]). A procedure which eliminates the supervisory function deemed indispensable by the Legislature cannot be described as impacting positively on the safety or welfare of the community and the public's perception of the criminal justice system.

Under the circumstances, the order appealed from is reversed, on the law and as a matter of discretion in the interest of justice, the defendant's motion to dismiss the indictment is denied, the indictment reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings before a different Justice.

SULLIVAN, J. P., ROSENBLATT and RITTER, JJ., concur.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, the defendant's motion to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings before a different Justice.