■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT BOLTON, Respondent. [637 NYS2d 760] —Appeal by the People from an order of the County Court, Orange County (Byrne, J.), dated August 19, 1994, which granted the defendant's motion pursuant to CPL 210.40 to dismiss Indictment No. 93-440, charging him with criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), in the interest of justice.

Ordered that the order is reversed, on the law, the motion is denied, Indictment No. 93-440 is reinstated, and the matter is remitted to the County Court, Orange County, for further proceedings before a different Judge.

The defendant was indicted for criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts). The indictment arose out of two separate incidents in which the defendant allegedly sold cocaine to an undercover officer.

The defendant sought, and by order of the County Court, Orange County, dated August 19, 1994, was granted, dismissal of the indictment in the interest of justice. We reverse.

It is well settled that "the discretionary power to dismiss an indictment in the interest of justice is to be exercised sparingly and its exercise involves a sensitive balancing of the interests of the individual against the competing interests of the public" (People v DeBiasi, 160 AD2d 952, 953; see, People v Hudson, 217 AD2d 53; People v Harmon, 181 AD2d 34; People v Brown, 194 AD2d 548).

In dismissing the instant indictment in the interest of justice, the County Court relied several factors, viz., (1) the instant incident was the defendant's first involvement with law enforcement authorities, (2) the criminal charges only involved small amounts of cocaine, and (3) incarceration was mandatory for the crimes charged, and the People had not offered a plea to a lesser charge. These factors are insufficient to justify dismissal in the interest of justice (see, People v Varela, 106 AD2d 339; People v Ortiz, 152 AD2d 755; People v Harmon, supra; People v DeBiasi, supra). The County Court improvidently exercised its discretion when it granted the defendant's motion. Mangano, P. J., Copertino, Joy and Altman, JJ., concur.