■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM CRESPO, Respondent. [665 NYS2d 676] —Appeal by the People from an order of the Supreme Court, Kings County (Douglass, J.), dated December 10, 1996, which granted the defendant's motion to dismiss the indictment in the interest of justice pursuant to CPL 210.40.

Ordered that the order is reversed, as a matter of discretion in the interest of justice, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings before a different Justice.

On September 5, 1996, the defendant and three accomplices

called a car service and requested a cab. When the cab arrived, the defendant got in the front passenger seat and shoved a key into the driver's side. One of the accomplices blocked the driver's door to keep him from escaping; another got into the back seat and wrapped a metal chain around the driver's neck. Upon the defendant's demand, the driver surrendered a quantity of currency. The defendant and his accomplices fled the scene; all but one were apprehended shortly thereafter.

The three apprehended individuals were indicted for robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree, petit larceny, and criminal possession of a weapon in the fourth degree. The defendant moved to dismiss the indictment in the interest of justice pursuant to CPL 210.40, on the ground that prior to the robbery, he had been approved for entry into the United States Marine Corps. Noting that the defendant did not have any prior arrests, the Supreme Court granted the motion and dismissed the indictment against the defendant on the rationale that given a choice between a sentence of imprisonment in a penitentiary or permitting the defendant to join the Marines, justice compelled dismissal of the indictment.

We disagree with the Supreme Court's conclusion. The power to dismiss an indictment in the interest of justice should be exercised sparingly, in those rare cases where there is a "compelling factor" which clearly demonstrates that prosecution of the indictment would be an injustice (see, CPL 210.40 [1]; *People v Hudson,* 217 AD2d 53, 55; *People v Smith,* 217 AD2d 671). We find no such compelling factor in this case. The defendant confessed to his active participation in a serious robbery which involved the use of physical force. The community's interest in public safety weighs heavily against dismissal (see, *People v Smith, supra, People v Foster,* 127 AD2d 684). The defendant's lack of a criminal history and the prospect of mandatory incarceration are insufficient to compel the conclusion that prosecution on the indictment would result in injustice (see, *People v Debiasi,* 160 AD2d 952; *People v Ortiz,* 152 AD2d 755; *People v Diggs,* 125 AD2d 189). Under the circumstances, the Supreme Court improvidently exercised its discretion in dismissing the indictment. Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.