OPINION OF THE COURT
Per Curiam.
Orders entered September 7, 2001, to the extent appealed from, reversed, on the law and the facts, defendants’ motions denied, informations reinstated, and the matters remanded for further proceedings.
The power to dismiss an accusatory instrument in the interest of justice should be exercised sparingly, only in those rare cases where there is a “compelling factor” which clearly demonstrates that conviction or prosecution of the defendant would result in injustice (see, CPL 170.40 [1]; 210.40 [1]; People v Dunlap, 216 AD2d 215, 217). We find no such compelling factor in either of the companion appeals now before us. Defendants are alleged to have offered a female undercover police officer money for sex, while driving their cars in an area of the Bronx in which prostitution-related activity is said to be rampant. The community’s interest in countering the widespread incidence of these types of offenses weighs heavily against dismissal (see, People v Hinzmann, 111 Misc 2d 531, 534-535; see also, People v Crespo, 244 AD2d 563, 564, lv denied 91 NY2d 925). Neither the defendants’ lack of a criminal history nor the prospect of forfeiture of their vehicles is sufficient, without more, to justify the extraordinary remedy of dismissal in the interest of justice under CPL 170.40 (see, People v Crespo, supra, 244 AD2d at 564; People v Stewart, 230 AD2d 116, 121-122, appeal dismissed 91 NY2d 900).
McCooe, J.P., Gangel-Jacob and Schoenfeld, JJ., concur.