OPINION OF THE COURT
Memorandum.
The appeal should be dismissed.
Following a Medicaid fraud investigation defendant was indicted on one count of grand larceny in the third degree and multiple counts of offering a false instrument for filing. It was the prosecution’s theory that in the period from January to May, 1979 defendant stole in excess of $250' by filing false claim forms which grossly overstated the number of visits defendant had with Medicaid patients. After a jury trial defendant was convicted. On appeal the Appellate Division reversed and granted a new trial on the ground that testimony of an auditor of the Medicaid Fraud Unit, introduced by the prosecution, had been erroneously admitted into evidence.
The auditor, offered as an expert witness in accounting, testified over objection with respect to each of the claims filed by defendant. The appellate court based the reversal on its acceptance of each of three grounds advanced by defendant on appeal in support of its contention that the auditor’s testimony had been improperly received — “because its subject matter did not require expertise; because it impermissibly bolstered the credibility of other witnesses; and because it had the effect of invading the province of the jury” (84 AD2d 369, 370). Examination of the record discloses, however, that protest to the admission of the testimony was made on one ground only, that the testimony was an “improper intrusion of the province of this jury”.
In this circumstance, the determination of reversal at the Appellate Division did not satisfy the jurisdictional predicate that it be made on the law alone or on the law and such facts as, except for the determination of law, would not have led to the reversal (CPL 450.90, subd 2). Although the order states that the reversal was “on the law” the court’s opinion reveals that it was based in part on the appellate court’s conclusions that the subject matter of the auditor’s testimony did not require expertise (“simple *738 arithmetic computations”) and because the testimony impermissibly bolstered the credibility of the patient witnesses. Timely objection was not taken on either of these two grounds.
Inasmuch as there is, therefore, no jurisdictional predicate, we have no choice but to dismiss the appeal (People v Dercole, 52 NY2d 956).
“In view of the dismissal thus mandated, this court, of course, has not reached the merits. It therefore goes without saying that our disposition does not reflect indorsement of the rulings contained in the opinion below (see Panico v Young, 46 NY2d 847).” (People v Dercole, 52 NY2d 956, 957, supra.)
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Appeal dismissed in a memorandum.