*902
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The appeal should be dismissed.
 

 The Appellate Division’s reversal was based on that Court’s independent weighing and factual evaluation of the particular circumstances presented with reference to the 10 statutory factors for a dismissal of an indictment in the furtherance of justice
 
 (see,
 
 CPL 210.40 [1] [a]-[j];
 
 People v Clayton,
 
 41 AD2d 204;
 
 see also, People v Beige,
 
 41 NY2d 60). Thus, the Appellate Division’s determination to reverse does not satisfy the jurisdictional predicate that it be made "on the law alone or upon the law and such facts which, but for the determination of law, would not have led to reversal” (CPL 450.90 [2] [a]).
 

 In view of the mandated dismissal for a threshold jurisdictional impediment, this Court has no authority to address the issue of "shadow counsel,” argued by the parties. As we have previously made clear, a dismissal by this Court has no precedential value on the merits, and " 'does not reflect indorsement of the rulings’ ” by any of the courts in the various proceedings below
 
 (see, People v Montesano,
 
 58 NY2d 736, 738;
 
 People v Dercole,
 
 52 NY2d 956, 957).
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Levine, Ciparick and Wesley concur; Judge Smith taking no part.
 

 Appeal dismissed in a memorandum.