■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN ROSENTHAL, Appellant. [757 NYS2d 558] —Judgment, Supreme Court, New York County (Renee White, J.), rendered January 18, 2000, convicting defendant, upon his plea of guilty,

of attempted grand larceny in the second degree, and sentencing him to a term of five years probation, a $5,000 fine, and 500 hours of community service, and order, same court and Justice, entered on or about September 26, 2001, which denied defendant's motion to vacate his conviction pursuant to CPL 440.10, unanimously affirmed.

Defendant received meaningful representation from each of his successive attorneys at every stage of the proceedings (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Benevento*, 91 NY2d 708, 713-714 [1998]), and the court properly denied defendant's CPL 440.10 motion without a hearing (*see People v Satterfield*, 66 NY2d 796 [1985]; CPL 440.30 [4]).

Defendant asserts that he would have accepted the People's original offer of a misdemeanor plea had his first two lawyers advised him that he could not use claim of right as a defense to attempted larceny by extortion (*see People v Reid*, 69 NY2d 469, 476 [1987]). However, these attorneys effectively represented defendant when they advised him to accept the misdemeanor plea (*compare Boria v Keane*, 90 F3d 36 [1996], *cert denied* 521 US 1118 [1997]). Moreover, viewing the record as a whole, we find defendant's self-serving claim that he would have accepted the plea had he been advised about the inapplicability of a claim of right defense to be unconvincing.

Defendant's third lawyer did not render ineffective assistance by failing to move to dismiss the indictment in the interest of justice (*see People v Strempack*, 71 NY2d 1015, 1016 [1988]). Defendant, an attorney, was charged with a serious crime, which involved lying to a client and requesting funds for the purported purpose of bribing tax auditors, and it was completely reasonable to predict that such a motion would have had no chance of success (*see People v Stewart*, 230 AD2d 116 [1997], *appeal dismissed* 91 NY2d 900 [1998]).

Defendant's remaining arguments are foreclosed by his guilty plea (*compare People v Hansen*, 95 NY2d 227 [2000], *with People v Pelchat*, 62 NY2d 97 [1984]), and without merit. Concur—Mazzarelli, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.