■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX GOMEZ, Appellant. [860 NYS2d 522]—

Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered December 10, 2004, convicting defendant, after a jury trial, of attempted murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 22 years, unanimously affirmed.

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters outside the record concerning counsel's strategy (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). We reject defendant's argument that there could be no reasonable strategic justification for the fact that his trial counsel made a summation argument concerning lack of corroborating evidence as to a certain aspect of the People's case, which led the court to rule that he had opened the door to precluded evidence of uncharged crimes. The record suggests that counsel took a reasonable calculated risk that the court would not perceive his summation argument, which was beneficial to his client, as sufficient to permit the People to introduce the precluded evidence, particularly at that late stage of the trial. On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant has not established that his counsel's actions were unreasonable, or that, even if unreasonable, they caused defendant any prejudice or deprived him of a fair trial. Defendant's claim that the court improperly precluded him from introducing certain evidence is contradicted by the record, which reveals that he succeeded in eliciting that evidence. We have considered and rejected defendant's remaining arguments in this regard. Concur—Lippman, P.J., Tom, Gonzalez, Buckley and Catterson, JJ.