■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER HANNAH, Appellant. [873 NYS2d 606]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered April 3, 2006, convicting defendant, after a jury trial, of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Defendant's claim of ineffective assistance of counsel is unreviewable on direct appeal since it involves matters outside the record concerning his counsel's strategy (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Defendant argues that when, on two occasions, his attorney opened the door to uncharged crimes evidence that had been precluded, these actions could only have been the product of mistake and poor preparation rather than strategy. However, the record suggests strategic justifications for each action (*see People v Gomez*, 52 AD3d 395 [2008], *lv denied* 11 NY3d 736 [2008]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Even if a reasonably competent attorney would have avoided both instances of door-opening, we conclude that, in each situation, the introduction of the precluded evidence did not affect the outcome of the case or deprive defendant of a fair trial. There was ample evidence to

establish each of the elements of second-degree possession of a forged instrument, and the court's curative instructions, which the jury is presumed to have followed, were sufficient to prevent any prejudice. Concur—Gonzalez, J.P., Sweeny, Renwick and Freedman, JJ.