■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN S. LANE, Appellant. [921 NYS2d 343]—

Mercure, J.P. Appeals (1) from a judgment of the County Court of Tompkins County (Ames, J.), rendered May 19, 2009, upon a verdict convicting defendant of the crime of assault in the second degree, and (2) by permission, from an order of said court, entered July 2, 2010, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Following a jury trial, defendant was convicted of one count of assault in the second degree arising from his striking the victim in the head with a glass wine bottle. He was sentenced, as a second felony offender, to a prison term of 3½ years to be followed by five years of postrelease supervision. County Court thereafter denied, without a hearing, defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10. He now appeals from both the judgment of conviction and the order denying his motion to vacate it, arguing that he was deprived of the effective assistance of counsel. We disagree.

Defendant asserts that he would have accepted a pre-indictment offer to plead guilty to a misdemeanor if defense counsel had informed him that, as a second felony offender, the offer would not be available following his indictment (*see* CPL 220.10 [5] [c]). When defendant rejected the plea offer, the People withdrew it. Defendant is therefore required to demonstrate that he would have accepted the plea at the time it was

offered had he understood the procedural realities of his case (*see People v Gilmore*, 72 AD3d 1191, 1194 [2010]; *People v Thomson*, 46 AD3d 939, 940-941 [2007], *lv denied* 9 NY3d 1039 [2008]; *People v Rosenthal*, 304 AD2d 418, 419 [2003], *lv denied* 100 NY2d 586 [2003]). In our view, his self-serving affidavit is insufficient in that regard and, thus, County Court did not abuse its discretion in denying his CPL article 440 motion without a hearing under the circumstances of this case (*see People v Fernandez*, 5 NY3d 813, 814 [2005]).

Defendant also points to purported deficiencies in counsel's trial performance, but "[a] contention of ineffective assistance of trial counsel requires proof of less than meaningful representation, rather than simple disagreement with strategies and tactics" (*People v Rivera*, 71 NY2d 705, 708-709 [1988]; *see People v Baker*, 14 NY3d 266, 270-271 [2010]). Defendant claims that counsel was ineffective in questioning him regarding his prior criminal convictions upon redirect examination, despite the People's failure to address the subject on cross-examination. Defendant did disclose during cross-examination, however, that he was on probation and had fled the scene after striking the victim, leading the People to suggest that he did so out of an awareness of guilt. Defense counsel therefore elicited defendant's prior criminal history to explain that he fled because he believed that the police were prejudiced against him and would charge him even if he acted in self-defense, as he claimed (*see People v Hannah*, 59 AD3d 307, 307 [2009], *lv denied* 12 NY3d 854 [2009]; *People v Shannon*, 92 AD2d 554, 556 [1983]). While defendant further points to counsel's stipulation that the victim was physically injured, the injuries were undisputed and the stipulation led to the People's withdrawal of medical evidence that could have emphasized the severity of the injuries (*see People v Vega*, 268 AD2d 257 [2000], *lv denied* 94 NY2d 921 [2000]; *People v Brown*, 175 AD2d 210, 211 [1991]). In short, when viewing the circumstances of this case "in totality and as of the time of the representation," we conclude that defense counsel provided meaningful representation (*People v Baldi*, 54 NY2d 137, 147 [1981]; *accord People v Benevento*, 91 NY2d 708, 712 [1998]).

We have considered and are unpersuaded by defendant's remaining claim that his sentence was harsh and excessive.

Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment and order are affirmed.