Rose, J.P.
Appeal, by permission, from an order of the County Court of Columbia County (Koweek, J.), entered July 3, 2013, which denied defendant’s motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of burglary in the second degree, petit larceny, criminal mischief in the fourth degree (two counts) and burglary in the third degree, without a hearing.
In return for a joint recommendation that he be sentenced to an aggregate prison term of 10 years to be followed by five years of postrelease supervision, defendant pleaded guilty to a five-count indictment and waived his right to appeal. County Court ultimately imposed a total prison sentence of 9V2 years, to be followed by five years of postrelease supervision. We affirmed the conviction upon direct appeal (76 AD3d 384 [2010], lv denied 16 NY3d 741 [2011]). Defendant thereafter moved to vacate the judgment pursuant to CPL 440.10, arguing that he did not receive the effective assistance of counsel. County Court denied the motion without a hearing. Defendant now appeals by permission, arguing that his application was improperly denied without a hearing.
We disagree and affirm. Defendant contends that his first attorney was ineffective in failing to relay his acceptance of a preindictment plea offer made by the People. Defendant’s self-serving claim that he accepted the offer in a timely fashion is unsupported by any other evidence. County Court was therefore entitled to reject the claim without a hearing (see CPL 440.30 [4] [d]; People v Fernandez, 5 NY3d 813, 814 [2005]; People v Lane, 83 AD3d 1118, 1118-1119 [2011], lv denied 17 NY3d 818 [2011]).
Similarly unsupported by evidence in the record is the assertion that defense counsel failed to advise defendant that the sentence imposed in this matter would run consecutively to a prison term he was already serving (see CPL 440.30 [4] [d]). That purported failure, in any event, would not constitute ineffective assistance given defendant’s full awareness that County Court had made no promises as to the ultimate sentence (see CPL 440.30 [4] [c]; People v Lopez, 8 AD3d 819, 820 [2004], Iv denied 3 NY3d 708 [2004]; see also People v Belliard, 20 NY3d 381, 388-389 [2013]).
Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed.