People v Garcia (2025 NY Slip Op 06974)

People v Garcia

2025 NY Slip Op 06974

Decided on December 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 16, 2025

Before: Moulton, J.P., Kennedy, Mendez, Michael, Chan, JJ. 

Ind. No. 1487/20|Appeal No. 5386|Case No. 2023-00552|

[*1]The People of the State of New York, Respondent,
v
Joseph Garcia, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Elizabeth Vasily of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.

Judgment, Supreme Court, New York County (April A. Newbauer, J.), rendered January 19, 2023, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of eight years imprisonment followed by five years of postrelease supervision, unanimously affirmed.
Defendant failed to preserve his claim that the People's evidence was legally insufficient to prove that he threatened the immediate use of force during the larceny in order to permanently deprive the victim of his MetroCard (see People v Hawkins, 11 NY3d 484, 492 [2008]), and we decline to review this claim in the interest of justice. As an alternative holding, we reject the claim on the merits. The verdict convicting defendant of robbery in the first degree was based on legally sufficient evidence and was not against the weight of the evidence (see People v Baque, 43 NY3d 26, 30 [2024]). The evidence, which included detailed witness testimony and video footage of the incident, supported the conclusion that when the victim attempted to open the nearby emergency door to retrieve his MetroCard from defendant, defendant displayed a knife and made a threat of immediate force (see Penal Law § 160.00[1]; People v Authers, 134 AD3d 526, 527 [1st Dept 2015], lv denied 27 NY3d 991 [2016]).
Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters outside the record concerning counsel's strategy (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Gomez, 52 AD3d 395, 395 [1st Dept 2008], lv denied 11 NY3d 736 [2008]). As an alternative holding, we find that to the extent the record permits review, defendant received effective assistance of counsel under both the federal and New York standards (see Strickland v Washington, 466 US 668, 689-692 [1984]; People v Benevento, 91 NY2d 708, 711-712 [1998]).
The record does not support defendant's claim that he was never advised during the pendency of his case of his constitutional right to be present at trial or of the consequences of failing to appear (see People v Parker, 57 NY2d 136, 141 [1982]; People v Epps, 37 NY2d 343, 349-350 [1975], cert denied 423 US 999 [1975]). Moreover, defendant explicitly waived his right to be present on the final day of trial. On a phone call with his counsel and the court, defendant affirmed he understood that the trial would continue in his absence, and during that phone call, defendant orally waived his right to be present (see People v Baez, 235 AD3d 431, 431 [1st Dept 2025], lv denied 43 NY3d 961 [2025]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 16, 2025