THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY RITSKY, Appellant. (Appeal No. 1.)

Second Department, November 9, 1928.

*Paul Kahan*, for the appellant.

*Henry J. Walsh, Assistant District Attorney [Charles J. Dodd, District Attorney*, with him on the brief], for the respondent.

SEEGER, J. The offense of which this defendant was convicted was a violation of section 290, subdivision 3, of the Highway Law (added by Laws of 1910, chap. 374, as amd. by Laws of 1926, chap. 732), which is a misdemeanor and punishable as such. The sentence is for the maximum period of imprisonment. A fine of $500 in

addition might have been imposed. (See Highway Law, § 290, subd. 8, added as subd. 9 by Laws of 1910, chap. 374, as amd. by Laws of 1913, chap. 1; renum. by Laws of 1917, chap. 769, as amd. by Laws of 1921, chap. 580.) The appellant's counsel contends that the sentence is excessive considering the fact that the defendant pleaded guilty and was of previous good character, and that no one was injured by the defendant while driving the car on the occasion in question. Nevertheless, the offense is a most serious one. The operation of automobiles in city streets is sufficiently hazardous at best. The number of persons who are killed and injured by persons operating automobiles in the city of New York is appalling. Persons operating automobiles should be in full possession of their faculties. An intoxicated person who operates an automobile on a highway is a menace to the public. He exhibits no regard for the safety of his fellow man. Public safety requires that such persons be adequately punished without regard to the consequences of the crime. The time for leniency in such cases has passed. Intoxicated persons must not operate automobiles.

The judgment of conviction should be affirmed.

Present — LAZANSKY, P. J., RICH, YOUNG, SEEGER and SCUDDER, JJ.

Judgment of conviction by a city magistrate, sitting as a Court of Special Sessions, unanimously affirmed.