FRANK M. MATHIEU, Trading and Doing Business under the Firm Name or Style of LINK ELECTRIC SALES, Respondent, v. THE HOOVER COMPANY, Appellant. (Appeal No. 2.) — Order, as resettled, denying defendant's motion for judgment dismissing complaint upon the ground that it does not state facts sufficient to constitute a cause of action, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTONIO CONCIATORO, Appellant.— Judgment of conviction of the Court of Special Sessions, borough of Queens, unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY RITSKY, Appellant. (Appeal No. 2.) — Judgment of conviction by a city magistrate, sitting as a Court of Special Sessions, modified by providing that the sentence be suspended, and as so modified unanimously affirmed. Since the charge upon which defendant was convicted really grew out of his condition which brought about his conviction in People v. Ritsky, No. 1 (224 App. Div. 425), decided herewith, we are of opinion that substantial justice will be done by a suspension of the sentence herein. Present — Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ.

FISHER ROSENBERG and ISAAC ROSENBERG, Respondents, v. EDWARD RUTH, JR., and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellants.— Order granting plaintiffs' motion for summary judgment and judgment entered thereon reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, upon the ground that there is an issue of fact presented by the pleadings. Lazansky, P. J., Rich, Young and Seeger, JJ., concur; Scudder, J., dissents.

JACOB SCHWARTZ, Appellant, v. J. L. TAYLOR & COMPANY, Defendant, and INTERNATIONAL TAILORING COMPANY, Respondent.— Judgment reversed upon the law and a new trial granted, costs to appellant to abide the event, upon the ground that there was a question of fact for the jury as to the authority of Reiss, the treasurer and general manager of defendant International Tailoring Company, to employ plaintiff for the term claimed by plaintiff. The testimony of the witness Reiss that it was the policy of the company to employ nobody under a contract for a term was contradicted by his other testimony, to which no objection was raised, that he had the right to enter into agreements employing men, whether for the week, month, or for any other time. Under these circumstances, it was for the jury to determine what his authority was. (Becker v. Koch, 104 N. Y. 394.) Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.