■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN B. KELLEY, Respondent.—Appeal by the People from an order of the Supreme Court, Suffolk County (Mullen, J.), dated June 22, 1987, which granted the defendant's motion to dismiss, in the interest of justice, a misdemeanor complaint charging him with operating a motor vehicle while under the influence of alcohol (two counts) in violation of Vehicle and Traffic Law § 1192 (2) and (3).

Ordered that the order is reversed, on the law, the motion denied, the misdemeanor complaint is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

CPL 170.40 (1) provides that a misdemeanor complaint may be dismissed in the interest of justice when "such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice". CPL 170.40 (1) then sets forth 10 factors to be considered by the court in determining whether such a "compelling factor" exists.

While the court has the discretion to dismiss an accusatory instrument in the interest of justice, that discretion is neither absolute nor uncontrolled (see, People v Wingard, 33 NY2d 192, 196), and is to be sparingly exercised (see, People v Litman, 99 AD2d 573). In exercising its discretion, the court must maintain a sensitive balance between the interests of the individual and of the State (see, People v Clayton, 41 AD2d 204, 208).

Contrary to the defendant's contention, the mere fact that the offense charged was set forth in the Vehicle and Traffic Law and not in the Penal Law does not constitute evidence that driving while intoxicated is a less serious crime than other crimes. Moreover, driving while intoxicated is not a victimless crime as the defendant would urge. Rather, it is an offense against society as a whole. This court has long recognized that "[a]n intoxicated person who operates an automobile on a highway is a menace to the public. He exhibits no regard for the safety of his fellow man" (People v Ritsky, 224 App Div 425, 426). Vehicle and Traffic Law § 1192 and similar laws "have been enacted because intoxicated drivers are far more likely to become involved in accidents than those who have not been drinking. In fact, alcohol is a factor in more than half of all vehicular fatalities" (L 1981, ch 910, § 1).

In view of the overwhelming public policy "to protect those who make use of [the] roads from the needless deaths, injuries, and property damage resulting from drunk driving" (L 1981, ch 910, § 1; Vehicle and Traffic Law § 1192), the record in this case does not disclose a "compelling factor" which would warrant dismissal of the charges under CPL 170.40. The mere fact that the defendant may be a police officer (see, People v Belkota, 50 AD2d 118), or that he has no prior record (see, People v Andrew, 78 AD2d 683), or has an exemplary background (see, People v Varela, 106 AD2d 339), is insufficient to justify the exercise of the court's discretion. This is not one of those "rare" and "unusual" cases that "cries out for fundamental justice beyond the confines of conventional considera-

tions" *(People v Belge,* 41 NY2d 60, 62-63 [Fuchsberg, J., concurring]; *see also, People v Insignares,* 109 AD2d 221, 234). Lawrence, J. P., Weinstein, Spatt and Balletta, JJ., concur.