■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY C., Respondent. [704 NYS2d 264] —Appeal by the People from an order of the Supreme Court, Queens County (Thomas, J.), dated January 22, 1999, which granted the defendant's motion to dismiss the indictment in the further-ance of justice pursuant to CPL 210.40.

Ordered that the order is reversed, as a matter of discretion in the interest of justice, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The power to dismiss an indictment in the interest of justice should be exercised sparingly, in those rare cases where there is a "compelling factor" which clearly demonstrates that prose-cution of the indictment would be an injustice (see, CPL 210.40 [1]; *People v Crespo,* 244 AD2d 563, 564). We find no such com-pelling factor in this case.

Contrary to the Supreme Court's determination, there is no evidence of law enforcement misconduct in connection with any alleged cooperation agreement (*see, People v Anthony C.,* 234 AD2d 379). The evidence against the defendant is overwhelming. The defendant has a prior property crime conviction and was on parole at the time of this crime. The societal interest in deterring property crimes weighs heavily against dismissal. That the defendant has served eight months in prison in connection with this crime is insufficient to compel the conclusion that prosecution on the indictment would result in an injustice (*see,* CPL 210.40; *People v Crespo, supra,* at 564; *People v Lagnese,* 236 AD2d 629, 630). Under the circumstances, the Supreme Court improvidently exercised its discretion in dismissing the indictment. Santucci, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.