■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JONATHAN FLEMMING, Respondent. [738 NYS2d 230] —Appeal by the People from an order of the County Court, Orange County (De Rosa, J.), dated March 15, 2001, which granted the defendant's motion pursuant to CPL 210.40 to dismiss the indictment in the furtherance of justice.

Ordered that the order is reversed, as a matter of discretion, the motion is denied, the indictment is reinstated, and the matter is remitted to the County Court, Orange County, for further proceedings.

The People's procedural objections to the defendant's motion are unpreserved for appellate review. However, the People correctly contend that the Supreme Court improvidently exercised its discretion in granting the defendant's motion to dismiss the indictment in the furtherance of justice pursuant to CPL 210.40 (1).

The discretionary authority to dismiss an indictment in the interest of justice should be "exercised sparingly" and only in "those rare cases where there is a 'compelling factor' which clearly demonstrates that prosecution of the indictment would be an injustice" (People v Anthony C., 269 AD2d 402; see, CPL 210.40 [1]). Upon consideration of the circumstances of this case and the criteria set forth in CPL 210.40 (1), we conclude that there is no compelling factor which warrants dismissal of the indictment (see, People v Anthony C., supra).

Although the mitigating circumstances of the crime admittedly committed by the defendant, burglary in the third degree, should be considered in sentencing, such circumstances do not warrant dismissal in the interest of justice. Nor does the defendant's background suggest that dismissal would be appropriate. Rather, it appears that the defendant would benefit from the supervision that a sentence of probation would afford. This is not one of those "rare cases" where prosecution would result in an injustice. Consequently, the County Court should not have dismissed the indictment. Altman, J.P., Smith, S. Miller and Cozier, JJ., concur.