■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARLOS ALGARIN, Respondent. [742 NYS2d 899] —Appeal by the People from an order of the Supreme Court, Kings County (Lewis, J.), dated February 20, 2001, which granted the defendant's motion to withdraw his plea of guilty and dismissed the indictment in furtherance of justice pursuant to CPL 210.40 (1).

Ordered that the order is reversed, on the law and the facts, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

On March 2, 1982, the defendant and codefendant, John Rolon, stole a bicycle from the complainant at gunpoint. Rolon pointed a handgun at the complainant and the defendant suggested that he, too, had a gun by holding his hand inside a shoulder bag and ordering the complainant to do as Rolon directed.

Approximately 30 minutes later, the police arrested the defendant and Rolon when the complainant pointed them out. At the time of arrest, the police recovered a loaded gun from the defendant's shoulder bag.

On January 3, 1983, the defendant and Rolon each pleaded guilty to attempted robbery in the first degree in satisfaction of the indictment. On February 7, 1983, the defendant failed to appear for sentencing, and the court issued a bench warrant for his arrest. Rolon appeared in court and was sentenced. Rolon did not appeal, and served his sentence.

On May 3, 2000, 17 years later, the defendant was returned to court on the bench warrant. On May 22, 2000, the defendant appeared with an attorney. After numerous adjournments, the defendant moved to withdraw his plea of guilty to attempted robbery in the first degree and to plead guilty to a lesser charge that would allow him to receive a sentence of probation. The defendant claimed that he has been a model citizen during this time, has received drug treatment, and is supporting himself

and his elderly mother. The People originally opposed this motion, but later changed their position and supported it. Instead of allowing the defendant to plead to a lesser charge, the court, sua sponte, dismissed the indictment in the interest of justice pursuant to CPL 210.40.

The power to dismiss an indictment in the furtherance of justice should be exercised sparingly, in those cases where there is a "compelling factor" which clearly demonstrates that prosecution of the indictment would be an injustice (*see* CPL 210.40 [1]; *People v Crespo,* 244 AD2d 563). We find no such compelling factor in this case. Indeed, the defendant, who had confessed to his active participation in a serious robbery which involved the use of a gun, did not seek this relief. Under the circumstances, the Supreme Court erred in dismissing the indictment. Feuerstein, J.P., Krausman, Goldstein and Adams, JJ., concur.