■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WALTER MCILWAIN, Respondent. [751 NYS2d 503] —Appeal by the People from an order of the Supreme Court, Kings County (Lewis, J.), dated October 17, 2001, which granted the defendant's motion to dismiss the indictment in the interest of justice pursuant to CPL 210.40, and, in effect, vacated the defendant's plea of guilty to the crime of criminal possession of a controlled substance in the fifth degree.

Ordered that the order is reversed, on the law, the motion is denied, the indictment and the plea are reinstated, and the matter is remitted to the Supreme Court, Kings County, for sentencing by a different justice.

While on parole from a sentence imposed upon a prior conviction, the defendant was charged in the instant case with, inter alia, criminal sale of a controlled substance in the third degree. On March 22, 2000, the defendant pleaded guilty to the class D felony of criminal possession of a controlled substance in the fifth degree (*see* Penal Law § 220.06 [5]) in return for a promised sentence of 2 to 4 years in prison. The defendant was released pending sentencing, which was initially scheduled for May 24, 2000.

The Supreme Court granted continual adjournments of the date of sentence, over the repeated objections of the People. The defendant took this opportunity to enroll himself in a program sponsored by the Fortune Society on September 13, 2000. He was later reported to have successfully completed that program as of March 13, 2001. His sentence remained pending.

On September 19, 2001, approximately 18 months after having pleaded guilty, and while still awaiting sentencing, the defendant moved to dismiss the indictment in the interest of justice pursuant to CPL 210.40 (1). The motion was based largely on the fact that the defendant completed the program noted above. The Supreme Court granted the defendant's motion. We reverse.

The defendant failed to establish any compelling factor, consideration, or circumstance which would justify dismissal of the indictment against him in the interest of justice (*see People v Algarin,* 294 AD2d 589; *People v Flemming,* 291 AD2d 506). Ritter, J.P., O'Brien, Goldstein and Townes, JJ., concur.