THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID WARD, Respondent. [750 NYS2d 786] —Appeal by the People from an order of the Supreme Court, Kings County (Lewis, J.), entered September 19, 2001, which granted the defendant's motion to dismiss the indictment in furtherance of justice pursuant to CPL 210.40.

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings before a different justice.

The defendant was indicted for various class B felony drug offenses based on his alleged sale of cocaine to an undercover officer on three separate occasions in August 1999. He was also indicted for various other offenses related to drug paraphernalia and a shotgun recovered during a search of his apartment. The defendant was previously convicted of narcotics offenses, and was on parole at the time of his arrest for the instant offenses. After the defendant's case was assigned to a trial part, the Supreme Court, over the People's continuing and strenuous objections, adjourned the matter on numerous occasions for a period of one year to enable the defendant to enroll in and complete a drug treatment program. The defendant ultimately enrolled in a program which required him to attend meetings, on an outpatient basis, three times a week. Upon his completion of the program, the Supreme Court granted his motion to dismiss the indictment in furtherance of justice.

The discretionary authority to dismiss an indictment in furtherance of justice should be "exercised sparingly" and only in "those rare cases where there is a 'compelling factor' which clearly demonstrates that prosecution of the indictment would be an injustice" (*People v Flemming,* 291 AD2d 506, quoting CPL 210.40 [1]; *see People v Algarin,* 294 AD2d 589). The rec-

ord is devoid of any such compelling factor, and therefore, we reverse (*see People v Bolton,* 224 AD2d 436; *People v Debiasi,* 160 AD2d 952; *People v Ortiz,* 152 AD2d 755). Ritter, J.P., O'Brien, Goldstein and Townes, JJ., concur.