OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed.
*121 Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of the charges of driving while intoxicated beyond a reasonable doubt (Vehicle and Traffic Law § 1192 [2], [3]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]). It is well settled in New York that for purposes of the offense of driving while intoxicated, a person may be deemed to be operating a vehicle upon proof that he was behind the wheel with the engine running without the need for proof that he was observed driving the car, i.e., operating it so as to put it in motion (People v Prescott, 95 NY2d 655 [2001]; People v Marriott, 37 AD2d 868 [1971]; Matter ofPrudhomme v Hults, 27 AD2d 234 [1967]; People v Khan, 182 Misc 2d 83 [1997]). Defendant’s vehicle was parked on the side of the street with the engine running. A police officer observed defendant slumped over the wheel of the vehicle causing the horn to sound; the officer had difficulty awakening defendant and the officer smelled alcohol emanating from the defendant. The defendant was unable to stand without assistance and he could not perform field sobriety tests. He admitted that he drank more than four beers and the results of a breathalyzer test indicated that his blood alcohol level was .15 of one percent. The fact that he claimed that he had no intent to move the vehicle merely presented a credibility issue for the jury to determine. We find that the jury could infer from the evidence that defendant operated his vehicle while intoxicated (see People v Totman, 208 AD2d 970, 971 [1994]; People v Saplin, 122 AD2d 498 [1986]).
Floyd, P.J., Doyle and Winick, JJ., concur.