[802 NE2d 1089, 770 NYS2d 691]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PAUL M. BERRUS, Respondent.

Argued October 23, 2003; decided November 25, 2003

**APPEARANCES OF COUNSEL**

*Michael F. Young, District Attorney*, Syracuse and *D.J. & J.A. Cirando (John A. Cirando, Lisa M. Cirando, Susan R. Rider* and *Mickelle A. Olawoye* of counsel), for appellant.

*Costello, Cooney & Fearson, LLP*, Syracuse (*Samuel C. Young* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of County Court should be reversed and the simplified traffic information reinstated.

Defendant received a simplified traffic information for failing to have lights on the back of a tractor that was pulling a manure spreader, around 5:00 P.M. in the Town of Denmark, County of Lewis, on December 5, 2001. Relying upon advice from the Court Administration Resource Center, the Town Justice concluded, erroneously, that lights were not required because a tractor is not a motor vehicle within the meaning of Vehicle and Traffic Law §§ 375 and 376. The Town Justice dismissed the action in the interest of justice, and County Court affirmed.

■ In dismissing the case, the Town Justice referred to a provision of Vehicle and Traffic Law § 376 that was repealed by Laws of 1994, chapter 654, § 5, effective January 29, 1995, a provision referring to registered farm vehicles and requiring them to be equipped in accordance with regulations issued by the Commissioner of Motor Vehicles. By contrast, section 376 (1) (a) of the Vehicle and Traffic Law, which was in effect on the date the ticket was issued, requires lights on vehicles and thus includes tractors.

■ Moreover, when an action is dismissed in the interest of justice pursuant to CPL 170.40, the judge must consider, "individually and collectively," the specific factors listed and must state reasons on the record (*see also* CPL 210.40). While dismissal may have been warranted, the record does not indicate that the Town Justice took into consideration the factors enumerated in CPL 170.40. We, therefore, reverse the order of County Court and reinstate the simplified traffic information.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur in memorandum.

Order reversed, etc.