▬▬ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BENJAMIN SHERMAN, Respondent. [825 NYS2d 770]—

Appeal by the People from an order of the Supreme Court, Kings County (Firetog, J.), dated February 10, 2006, which granted the defendant's motion to dismiss the indictment in furtherance of justice pursuant to CPL 210.40.

Ordered that the order is reversed, as a matter of discretion, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

"The discretionary authority to dismiss an indictment in furtherance of justice [pursuant to CPL 210.40] should be 'exercised sparingly' and only in 'those rare cases where there is a "compelling factor" which clearly demonstrates that prosecution of the indictment would be an injustice' " (*People v Ward,* 300 AD2d 418 [2002], quoting *People v Flemming,* 291 AD2d 506 [2002], quoting CPL 210.40 [1]). This is not one of those "rare" cases.

Although the defendant was diagnosed in 2002 with a serious medical condition, there is no evidence that his status has significantly deteriorated, and his survival prognosis is unclear. His condition does not constitute a "compelling factor" (CPL 210.40 [1]) which, by itself or in conjunction with all of the other circumstances of this case, warranted "the extraordinary remedy of dismissal of the indictment in the furtherance of justice" (*People v Scott,* 12 AD3d 383 [2004], quoting *People v Moye,* 302 Ad2d 610, 611 [2003]). We also note that the defendant has an extensive criminal record (*see People v Moye, supra*).

Accordingly, giving due consideration to all of the circumstances of this case, as well as the criteria set forth in CPL 210.40, we conclude that the defendant failed to establish the existence of any "compelling factor" which justified dismissal of the indictment pursuant to CPL 210.40 (*see People v McAlister,* 280 AD2d 556 [2001]; *People v Tavares,* 273 AD2d 707 [2000]). Prudenti, P.J., Schmidt, Dillon and Covello, JJ., concur.