*60 OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, reversed on the law, the accusatory instrument reinstated insofar as it charged two counts of disorderly conduct, and matter remanded to the court below for all further proceedings.
Initially, defendant was charged with obstructing governmental administration in the second degree (Penal Law § 195.05) and two counts of disorderly conduct (Penal Law § 240.20 [2], [3]). At arraignment, the two counts of disorderly conduct were dismissed on the ground of facial insufficiency. Thereafter, defendant moved, inter alia, to dismiss the remaining charge of obstructing governmental administration on the ground that the accusatory instrument was jurisdictionally defective. While the motion was pending, the People filed a superseding information charging defendant with obstructing governmental administration in the second degree and two counts of disorderly conduct (Penal Law § 240.20 [2], [3]). The court below granted defendant’s motion to dismiss the charge of obstructing governmental administration. The decision made no mention of the superseding information charging defendant with two counts of disorderly conduct, and defendant did not amend her motion to request dismissal of the two counts of disorderly conduct. The People moved for reargument, seeking a determination as to whether the two counts of disorderly conduct were to be dismissed on the ground of facial insufficiency. The court granted reargument and, on its own motion, dismissed the two remaining counts of disorderly conduct in the interest of justice. The order of the court did not set forth any grounds for its determination. The instant appeal by the People ensued.
The order, insofar as appealed from, dismissing the two counts of disorderly conduct in the interest of justice should be reversed. Where a court considers a dismissal in the interest of justice, “it should not do so until fair notice of its intention has been given to the parties and a hearing has been held” (People v Clayton, 41 AD2d 204, 207 [1973]; see People v Dolan, 184 AD2d 892, 893 [1992]). In this case, the issue of dismissal in furtherance of justice was first raised in the court’s order without notice to the People. Furthermore, CPL 170.40 requires the court to examine and consider, to the extent applicable, individually and collectively, the factors contained in CPL 170.40 (1) and to set forth its reasons for dismissing the charges (CPL 170.40 [2]; see People v Berrus, 1 NY3d 535 [2003]; People v Rickert, 58 *61 NY2d 122, 127-128 [1983]). The order of the court below does not indicate that it considered any of the factors enumerated in CPL 170.40. In view of the foregoing, the accusatory instrument is reinstated insofar as it charged the two counts of disorderly conduct, and the matter is remanded for all further proceedings.
Pesce, PJ., Weston Patterson and Rios, JJ., concur.