■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM CANDELARIA, Respondent. [855 NYS2d 259]—Appeal by the People from an order of the Supreme Court, Kings County (Lewis, J.), entered June 7, 2006, which, after a nonjury trial in which the defendant was found guilty of criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree, granted the defendant's motion pursuant to CPL 210.40 to dismiss the indictment in furtherance of justice.

Ordered that the order is reversed, on the law, the defendant's motion pursuant to CPL 210.40 to dismiss the indictment in furtherance of justice is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for sentencing before a different Justice.

"The discretionary authority to dismiss an indictment in furtherance of justice [pursuant to CPL 210.40] should be exercised sparingly and only in those rare cases where there is a compelling factor which clearly demonstrates that prosecution of the indictment would be an injustice" (*People v Sherman*, 35 AD3d 768, 768 [2006] [internal quotations marks omitted]; *see People v M.R.*, 43 AD3d 1188 [2007]; *People v Ward*, 300 AD2d 418 [2002]; *People v Flemming*, 291 AD2d 506 [2002]; *People v Anthony C.*, 269 AD2d 402 [2000]; *People v Crespo*, 244 AD2d 563, 564 [1997]). Upon consideration of the circumstances of this case and the factors set forth in CPL 210.40 (1), we conclude that there is no compelling factor which warrants dismissal of

the indictment in furtherance of justice (*see People v M.R.*, 43 AD3d at 1188; *People v Sherman*, 35 AD3d at 768; *People v Ward*, 300 AD2d at 418-419; *People v McIlwain*, 300 AD2d 320, 321 [2002]; *People v Flemming*, 291 AD2d at 506; *People v Anthony C.*, 269 AD2d at 402; *People v Crespo*, 244 AD2d at 564; *see also People v Pittman*, 228 AD2d 225, 226 [1996]). Accordingly, the Supreme Court erred in granting the defendant's motion pursuant to CPL 210.40 to dismiss the indictment in furtherance of justice. Rivera, J.P., Spolzino, Dillon and Balkin, JJ., concur.