■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK ARCHER, Appellant. [25 NYS3d 873]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered June 25, 2103, as amended July 12 and August 1, 2013, convicting defendant, upon his pleas of guilty, of two counts of driving while intoxicated as a felony, and sentencing him to concurrent terms of 2⅓ to 7 years and 1 to 3 years, respectively, unanimously affirmed.

The court properly denied defendant's motion to suppress statements he made to the police. The first statement did not require Miranda warnings, because defendant, who was detained during a traffic stop, was not in custody for Miranda purposes (see Berkemer v McCarty, 468 US 420, 436-437 [1984]; People v Bennett, 70 NY2d 891 [1987]), and because the questioning was merely investigatory in any event (see People v Huffman, 41 NY2d 29, 33-34 [1976]). The subsequent challenged statement, although made while defendant was in custody, was spontaneous and not the result of interrogation (see Rhode Island v Innis, 446 US 291, 301 [1980]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defend-

ant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence or directing that it run concurrently with defendant's Queens County sentence. Concur—Tom, J.P., Saxe, Richter and Kapnick, JJ.