The People of the State of New York, Respondent,
against
Mate Katavic, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Anthony J. Ferrara, J.), rendered July 18, 2014, convicting him, after a jury trial, of forcible touching and sexual abuse in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Anthony J. Ferrara, J.), rendered July 18, 2014, affirmed.
The verdict convicting defendant of forcible touching (see Penal Law § 130.52) and third degree sexual abuse (see Penal Law § 130.55), was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's determination concerning credibility. The credited testimony established that two plain-clothes police officers, after initially witnessing defendant engage in a pattern of "grinding" behavior directed against female subway riders, observed defendant position himself directly behind the victim in a crowded subway car and then thrust his groin against the "shocked" and "frightened" victim in a "grinding motion," using the motion of the train to move back and forth.
We reject defendant's claim, raised for the first time on appeal, that he was denied the effective assistance of counsel by a litany of alleged errors committed by defense counsel from pretrial proceedings through summation.
Initially, we note that a majority of defendant's contentions are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Archer, 137 AD3d 449, 449 [2016] citing People v Rivera, 71 NY2d 705, 709 [1988]), such as counsel's decisions not to exercise peremptory challenges against certain jurors and to concede identification. The proper procedural vehicle for raising those contentions is by way of motion pursuant to CPL 440.10 (see People v Baher, 308 AD2d 365 [2003], lv denied 2 NY3d 737 [2004]). Since defendant has not made a CPL 440.10 motion, the merits of these claims may not be addressed on appeal (see People v Archer, 137 AD3d at 499). 
To the extent the present record permits review, defendant received meaningful representation under the state and federal standards (see People v Benevento, 91 NY2d 708, 712-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Prior to trial, counsel moved to dismiss the information for facial insufficiency and on speedy trial grounds, and was successful in suppressing defendant's incriminating statement to the complainant "can you please forgive [*2]me?" At trial, counsel delivered effective opening and closing statements, made objections when warranted, and thoroughly cross-examined and sought to undermine the credibility of the People's key witnesses, the complainant and the testifying officer. Indeed, counsel repeatedly emphasized that any contact between defendant and the complainant was "accidental," not intentional, and that the complainant did not "move away" or "say anything" until questioned by the police.
The test for effectiveness is "reasonable competence, not perfect representation" (People v Oathout, 21 NY3d 127, 128 [2013]). The imperfections in counsel's performance complained of on appeal did not rise to the level of ineffective assistance of counsel. "[V]iewed in totality and as of the time of the representation" (People v Baldi, 54 NY2d 137, 147 [1981]), and giving due consideration to the overwhelming nature of the evidence against the defendant (see People v Caban, 5 NY3d 143, 155-156 [2005]; People v Hobot, 84 NY2d 1021, 1024 [1995]; People v Chicas, 293 AD2d 687 [2002], lv denied 98 NY2d 695 [2002]), counsel provided meaningful representation (see People v Carver, __ NY3d __, 2016 NY Slip Op 04322 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 20, 2016