The People of the State of New York, Respondent,
against
Kanzada Cross, Appellant.



Appeal from a judgment of the District Court of Nassau County, First District (Anthony W. Paradiso, J.), rendered September 6, 2013. The judgment convicted defendant, upon a jury verdict, of aggravated driving while intoxicated per se. The appeal brings up for review the denial, after a hearing, of the branch of defendant's omnibus motion seeking to suppress statements to law enforcement authorities.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]) and aggravated driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2-a] [a]). She moved to, among other things, suppress statements she made to law enforcement authorities. At a pretrial Huntley/Dunaway hearing, Nassau County Police Officer Glen Santoro testified that, at approximately 7:58 p.m. on November 29, 2010, he had responded to a call to aid a sick or injured motorist on a residential street in North Valley Stream. He observed a Nissan Maxima parked six to eight feet from the curb with its headlights on and the engine running. The occupant of the vehicle, defendant, Kanzada Cross, was sitting in the reclined driver's seat. She was asleep or unconscious. Santoro knocked on the window. Defendant did not respond. Santoro opened the driver's side door of the vehicle and detected the strong odor of alcohol. He turned off the engine based on safety considerations. Santoro shook defendant several times until she awakened. He directed her to leave the car. She braced herself as she exited the car, and told Santoro that she believed she was in Roosevelt.
Defendant appeared disheveled, and had bloodshot, glassy eyes. Santoro asked her how she was feeling, where she was coming from, and whether she had been drinking. Defendant replied that she had consumed "two Bacardis" at approximately 2:00 p.m. At that point, defendant had not been provided with Miranda warnings. Santoro permitted defendant to go back into her car. Santoro testified that, at that point, defendant was not under arrest, but she was not free to leave.
Santoro called for assistance. Nassau County Police Officer Gary Renick responded. While Santoro spoke to Renick, defendant leaned out of her car and vomited in the street. The vomit had a strong odor of alcohol. Santoro believed that defendant was intoxicated based on the odor of alcohol on her breath, her glassy, bloodshot eyes, the fact that she had trouble balancing herself while standing up, and the fact that she had vomited in the street. Renick also believed that defendant was intoxicated.
Santoro arrested defendant at 9:00 p.m. Renick asserted that he had provided defendant with Miranda rights at 9:02 p.m. Defendant had responded "[y]es" when Renick asked if she understood the rights. She agreed to answer questions. The card containing the Miranda rights was not initialed by defendant or Renick. Defendant was transported to the Nassau County Central Testing Unit.
Nassau County Police Officer Peter Martino, a certified breath test technician, was informed that Renick had provided defendant with Miranda rights. He asked defendant several questions during a 20-minute observation period. Defendant told Martino, among other things, that she had been driving from Queens to Elmont and that she had drunk "Bacardi," but "[n]ot a lot," between 2:30 and 2:45 p.m. She did not drink alcohol often. She ate pancakes and eggs early that morning. She did not get a lot of sleep during the previous night. At 10:02 p.m., Martino administered a breath test, which measured defendant's blood alcohol content at .20.
The District Court denied the branch of defendant's omnibus motion seeking to suppress her statements. The court concluded that "Officer Santoro's credible testimony establishes that he had a reasonable basis for the initial interview with the defendant," and that he properly asked defendant "basic, non-threatening questions regarding identity, address or destination to determine whether there [was] any need for further investigation or action." After conducting the investigation, "Officer Santoro had reasonable suspicion to believe that the defendant was driving while intoxicated based on his observation of the defendant behind the wheel of a vehicle with the motor running and . . . defendant's physical appearance, slurred speech and the smell of alcohol emanating from the vehicle." Thus, the "totality of circumstances provided the Officer with probable cause to arrest the defendant."
At a jury trial, defendant testified in her own behalf that a friend had driven her to his home in Queens, where she had had two Bacardi rum drinks between 2:30 and 2:45 p.m. She claimed that she had parked her car on the street in North Valley Stream, and that her friend had driven her back to her car that evening. After she turned on the ignition, she realized that she was dizzy and not feeling well. She testified that she was not in any frame of mind to drive. Instead, she reclined the driver's seat and went to sleep in her car. She asserted that she had turned the ignition on and had turned on the heat in the car because it was very cold outside.
The jury found defendant guilty of aggravated driving while intoxicated per se.
After the verdict, but before sentencing, defendant moved to dismiss the accusatory instrument in furtherance of justice (see CPL 170.30 [1] [g], 170.40; People v Clayton, 41 AD2d 204 [1973]). Defendant's counsel acknowledged that driving while intoxicated is a serious offense, but there was no accident, injury, or property damage in this case. Defendant "was trying to do the right thing once she reclined the seat" of her car "and decided to sleep it off." The "only reason she had the car on was [to keep] the heat on." Counsel argued that the evidence of guilt was weak, as defendant did not intend to operate the car. Defendant had never been in trouble with the law before or after this incident. The court asked counsel, "[w]hat kind of message does it send if somebody" with a .20 blood alcohol content "is out on the streets driving." Counsel responded that defendant did not even receive a parking ticket in the last few years, and a "conviction would serve no useful purpose."
The People opposed the motion, arguing, in part, that defendant's behavior before and after the incident is "irrelevant in deciding whether or not to dismiss . . . following a verdict of guilty and an appropriate trial."
The District Court denied the motion.
On appeal, defendant argues that her motion to dismiss in furtherance of justice should have been granted, that her statements to the police should have been suppressed, that her conviction was not based on legally sufficient evidence of operation of the vehicle, that the verdict of guilt was against the weight of the evidence, and that the People impermissibly raised an alternative theory of guilt during summation. Defendant also contends that the errors, taken cumulatively, mandate reversal.
Defendant's motion to dismiss the accusatory instrument in furtherance of justice was untimely, as it was not made within 45 days of her arraignment, and defendant failed to show good cause for the untimely motion (see CPL 255.20 [1]). However, the People never raised an [*2]untimeliness argument in the District Court. Thus, the People's claim on appeal that the motion was untimely is unpreserved for appellate review (cf. People v Banks, 100 AD3d 1190, 1191 [2012]; People v Rahmen, 302 AD2d 408, 409 [2003]).
"The discretionary authority to dismiss an [accusatory instrument] in furtherance of justice should be exercised sparingly and only in those rare cases where there is a compelling factor which clearly demonstrates that prosecution of the [instrument] would be an injustice" (People v Sherman, 35 AD3d 768, 768 [2006] [internal quotation marks omitted]; see also People v Clayton, 41 AD2d 204). Upon consideration of the circumstances of this case and the factors set forth in CPL 170.40 (1), we conclude that defendant failed to establish the existence of any compelling factors which, either individually or collectively, warranted the extraordinary remedy of dismissal of the accusatory instrument in furtherance of justice (see People v Candelaria, 50 AD3d 913 [2008]; People v Sherman, 35 AD3d 768; People v Crespo, 244 AD2d 563, 564 [1997]; People v Kelley, 141 AD2d 764, 765 [1988]; People v Paredes, 12 Misc 3d 135[A], 2004 NY Slip Op 51903[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). Consequently, we find that the District Court correctly denied the motion to dismiss the accusatory instrument in furtherance of justice.
The District Court's suppression determination was also correct. Although Officer Santoro testified at the suppression hearing that defendant had not been free to leave, that had never been communicated to defendant, and there had been no threats of physical or constructive restraint (see People v Brown, 107 AD3d 1305, 1306 [2013]; People v Membrino, 181 Misc 2d 796, 800 [Crim Ct, Kings County 1999]). Under the circumstances presented, a reasonable person would have believed that he or she was free to leave, and Santoro's questioning of defendant was purely investigatory as part of a temporary noncustodial roadside detention. Thus, defendant was not in custody for Miranda purposes at that point (see Berkemer v McCarty, 468 US 420, 436-439 [1984]; People v Alls, 83 NY2d 94, 99 [1993]; People v Archer, 137 AD3d 449 [2016]; People v Tandle, 71 AD3d 1176, 1178 [2010]; People v Myers, 1 AD3d 382, 383 [2003]; People v Hasenflue, 252 AD2d 829, 830 [1998]; People v MacKenzie, 9 Misc 3d 129[A], 2005 NY Slip Op 51535[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]).
With respect to the statements made to Officer Martino at the Central Testing Station, the factual findings and "credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (People v John, 119 AD3d 709, 710 [2014]; see People v Tandle, 71 AD3d at 1178; People v Baliukonis, 35 AD3d 626, 627 [2006]; People v Parris, 26 AD3d 393, 394 [2006]). We find no basis to disturb the court's factual and credibility determinations. Defendant's "statements after the Miranda warnings were administered were voluntarily made after [she] knowingly and intelligently waived [her] Miranda rights" (People v Baliukonis, 35 AD3d at 627).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that defendant's conviction of aggravated driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2-a] [a]) was supported by legally sufficient evidence. It is well settled that a person in the driver's seat of a vehicle with the engine on and the keys in the ignition can be found to be operating a motor vehicle, without the need for proof that the person ever put the car in motion (see People v Prescott, 95 NY2d 655, 662 [2001]; People v Alamo, 34 NY2d 453, 458 [1974]; People v Westcott, 84 AD3d 1510, 1512 [2011]; People v Cunningham, 274 AD2d 484 [2000]; People v David W., 83 AD2d 690 [1981]; People v Ramlall, 47 Misc 3d 141[A], 2015 NY Slip Op 50621[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Blue, 15 Misc 3d 128[A], 2007 NY Slip Op 50597[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; People v Moore, 196 Misc 2d 120, 121 [App Term, 2d Dept, 9th & 10th Jud Dists 2002]). Consequently, contrary to defendant's contention, the proof was sufficient to establish the operation of a vehicle element of the offense. 
While defendant contends that she never intended to operate the vehicle, and that she turned on the engine solely for the purpose of turning the heat on to keep warm, such testimony merely raised an issue of fact for the jury, which rejected that claim, and we find no basis to [*3]disturb that determination (cf. People v DeSantis, NYLJ, May 21, 1990, at 32, col 4 [App Term, 2d Dept, 9th & 10th Jud Dists 1990]).
In conducting an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the jury's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, we find that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). In this case, an acquittal would not have been unreasonable, if defendant's testimony is credited. However, the jury's determination of the credibility of defendant's testimony regarding intent is entitled to great deference (see People v Panek, 305 AD2d 1098 [2003]; People v Singh, 16 Misc 3d 137[A], 2007 NY Slip Op 51739[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]), and the jury could infer from the evidence that defendant operated her vehicle while she had .18 of one per centum or more by weight of alcohol in her blood (see Vehicle and Traffic Law § 1192 [2-a] [a]; People v Moore, 196 Misc 2d at 121).
Defendant's claim regarding the prosecutor's summation is unpreserved for appellate review (see CPL 470.05 [2]; People v Williams, 132 AD3d 785 [2015]), and in any event, without merit.
As there was no error, defendant's claim of cumulative error is without merit.
Accordingly, the judgment of conviction is affirmed.
Garguilo, J.P., Iannacci and Brands, JJ., concur.
Decision Date: June 23, 2016