The People of the State of New York, Appellant,
against
Abraham Emanuel, Respondent.



Appeal from an order of the District Court of Nassau County, First District (Sharon M.J. Gianelli, J.), dated June 10, 2014. The order granted the branch of defendant's motion seeking to dismiss the accusatory instrument in furtherance of justice.




ORDERED that the order is affirmed.
Defendant was charged in a misdemeanor information with patronizing a prostitute in the third degree (Penal Law § 230.04), a class A misdemeanor. Thereafter, defendant moved to, among other things, dismiss the accusatory instrument in furtherance of justice (see CPL 170.30 [1] [g]; 170.40). The District Court, over the People's opposition, granted this branch of defendant's motion and dismissed the accusatory instrument. 
"The discretionary authority to dismiss an [accusatory instrument] in furtherance of justice should be exercised sparingly and only in those rare cases where there is a compelling factor which clearly demonstrates that prosecution of the [instrument] would be an injustice" (People v Sherman, 35 AD3d 768, 768 [2006] [internal quotation marks omitted]; see also People v Clayton, 41 AD2d 204 [1973]). Upon consideration of the record, the particular circumstances of this case, and the factors set forth in CPL 170.40 (1), we find that the District Court did not improvidently exercise its discretion in dismissing the accusatory instrument in furtherance of justice (cf. People v Candelaria, 50 AD3d 913 [2008]). The court sufficiently addressed the factors enumerated in CPL 170.40 (1) (cf. People v Paul M. Berrus, 1 NY3d 535 [2003] [although dismissal may have been warranted, reversal was required where the record failed to indicate that the court took into consideration relevant factors]). Considering the grounds set forth by the court in its order "collectively as well as individually" (People v Rickert, 58 NY2d 122, 132 [1983]), and upon "a sensitive balancing of the interests of the individual against the competing interests of the public" (People v Debiasi, 160 AD2d 952, 953 [1990]), we conclude that the District Court was justified in dismissing the accusatory instrument.
Accordingly, the order is affirmed.
Garguilo, J.P., Iannacci and Brands, JJ., concur.
Decision Date: August 01, 2016