The People of the State of New York, Respondent,
against
Pericles Linardos, Appellant.



Appeal from a judgment of the Justice Court of the Village of Muttontown, Nassau County (Stuart Mass, J.), rendered August 4, 2014. The judgment convicted defendant, after a nonjury trial, of seven counts of permitting the cutting of an oak tree with a caliber of more than seven inches in the Village of Muttontown without a permit. The appeal from the judgment of conviction brings up for review so much of an order of the same court dated August 4, 2014 as denied, without a hearing, defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.




ORDERED that the judgment of conviction is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Justice Court for a new trial and for all further proceedings.
On January 2, 2013, the Muttontown Village Arborist and the Muttontown Village Code Enforcement Officer observed a tree cutting company cutting down seven oak trees on defendant's property. Defendant, a volunteer firefighter and paramedic for more than 25 years, admitted that the trees had been cut down and that he did not have a permit from the Village to do so, but claimed, among other things, that the Chief of the Fire Department, who had died prior to the trial, had told him to cut the trees down because they presented a danger to defendant's emergency response vehicle.
Defendant was charged with seven counts of violating Village of Muttontown Code § 172-3A (1) (the Muttontown Tree Statute) by permitting the cutting of seven oak trees with a caliber of more than seven inches each without a permit. Defendant was arraigned on these charges on February 14, 2013. Defendant filed, among other things, a motion to dismiss the accusatory instrument in furtherance of justice, which motion was denied.
Defendant was tried before Village Justice Stuart Mass on May 22, 2014. Defendant retained counsel one day before the trial. Prior to the commencement of the trial, counsel indicated that he had been representing defendant in an unrelated matter in the Civil Court of the City of New York, Queens County, and that he had become aware of the instant case "[s]ometime ago." Counsel had learned of the trial date approximately one week earlier, and agreed that the Justice Court had issued a notice "that any requests for [an] adjournment should be made five days in advance." Counsel requested an adjournment of the trial on May 22, 2014 in order to review the documents in the Justice Court's file and to have an opportunity to make discovery demands. The prosecutor opposed the request, and the Justice Court denied it.
Counsel then orally moved to dismiss the accusatory instrument pursuant to CPL 30.30 (1) (d) and 170.30 (1) (e) on the ground that the People had never announced their readiness for trial or served defendant with a statement of readiness. The Justice Court indicated that it could not rule on the motion "without it being briefed. So we are going to proceed [with the trial]. If [*2]the results are not favorable for you, you will have an opportunity to brief that position for me." Defendant then had a discussion with his counsel, after which he dismissed his counsel and elected to act pro se at the trial. Counsel indicated that he would inform the Justice Court if he was "coming back in" with respect to any motion practice. Several minutes later, the prosecutor made his opening statement.
On May 29, 2014, following the trial but prior to rendering a verdict, the Justice Court directed defendant to submit his CPL 30.30 motion pro se, or to have an attorney submit it. The attorney who had briefly represented defendant immediately prior to the trial submitted a written motion. Defendant essentially claimed that the People had never declared their readiness for trial, either on the record or by serving an off-calendar statement of readiness. Moreover, there had been a substantial period of time during which motions had not been pending when the People had not communicated their readiness for trial. The People opposed the motion on the ground, among others, that it had not been timely made in writing.
In an order dated August 4, 2014, the Justice Court, relying on People v Lawrence (64 NY2d 200 [1984]), denied defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds, pursuant to CPL 30.30 (1) (d), because it had been made orally, instead of in writing, minutes before the trial had commenced, "due to the eleventh-hour retention of counsel" by defendant, without notice to the People. In addition, the court indicated that there were compelling reasons to have proceeded with the trial, and the fact that it had afforded defendant an opportunity to submit papers on his CPL 30.30 motion was not intended to excuse defendant's failure to make his motion in writing upon reasonable notice to the People, or to preclude the People from arguing that defendant had waived his right to bring a timely CPL 30.30 motion. Instead, its decision was intended to permit the trial to proceed without delay, and to hear all relevant arguments on the CPL 30.30 motion. The court rejected defendant's claims that Lawrence was distinguishable from the case at bar, indicating that defendant had orally moved to dismiss on speedy trial grounds moments after his motion for an adjournment had been denied, and that the attorney he had retained had known of this matter and of the May 22, 2014 trial date about one week earlier. More importantly, the court observed, it was not aware of any statutory or legal authority excusing a defendant's failure to make a CPL 30.30 motion before the commencement of trial in writing and upon reasonable notice to the People because defendant had chosen to proceed pro se until the eve of the trial.
The Justice Court found defendant guilty as charged and imposed a fine of $250 for each caliber inch of oak tree that had been cut down, for a total of $22,500.
On appeal, defendant repeats the arguments he made in the Justice Court regarding his CPL 30.30 motion. He also contends that the Justice Court erred in denying his counsel's motion for an adjournment, made minutes before the commencement of the trial on May 22, 2014. Finally, he contends that his motion to dismiss in furtherance of justice should have been granted.
"The discretionary authority to dismiss an [accusatory instrument] in furtherance of justice should be exercised sparingly and only in those rare cases where there is a compelling factor which clearly demonstrates that prosecution of the [instrument] would be an injustice" (People v Sherman, 35 AD3d 768, 768 [2006] [internal quotation marks omitted]; see also People v Candelaria, 50 AD3d 913 [2008]). While a court has the discretion to dismiss an accusatory instrument in the furtherance of justice, that discretion is neither absolute nor uncontrolled (see People v Wingard, 33 NY2d 192, 196 [1973]; People v Kelley, 141 AD2d 764, 765 [1988]).
Here, upon a review of the statutory factors, we find that defendant's motion to dismiss the accusatory instrument in furtherance of justice was properly denied (see CPL 170.40 [1] [a-j]; People v Sherman, 35 AD3d 768; People v Clayton, 41 AD2d 204 [1973]). The offense at issue is a relatively non-serious offense (see CPL 170.40 [1] [a]), and defendant does not appear to have any prior criminal history (see CPL 170.40 [1] [d]). However, even had defendant been ordered by the former fire chief to cut down the trees, there is nothing in the record indicating that defendant could not have obtained a permit from the village, or that the former fire chief [*3]would have directed him to have the trees cut down without a permit. The evidence of defendant's guilt was strong (see CPL 170.40 [1] [c]). The impact of a dismissal on the safety and welfare of the community would be significant (see CPL 170.40 [1] [g]), as would be the impact on the confidence of the public in the criminal justice system (see CPL 170.40 [1] [h]), by permitting a volunteer firefighter to avoid laws that apply to the rest of the community. Defendant had informed the Justice Court that he did not wish to raise a selective enforcement issue. Thus, the "exceptionally serious misconduct of law enforcement personnel" (CPL 170.40 [1] [e]) factor has been removed as an issue. Consequently, the extraordinary remedy of dismissal of the accusatory instrument in furtherance of justice is not warranted (see People v Candelaria, 50 AD3d at 913; People v Sherman, 35 AD3d 768). This is not one of those "rare" and "unusual" cases that "cries out for fundamental justice beyond the confines of conventional considerations" (People v Belge, 41 NY2d 60, 62-63 [1976] [Fuchsberg, J., concurring]; see also People v Hudson, 217 AD2d 53, 55-56 [1995]).
Defendant retained counsel on the eve of trial, whereupon counsel sought an adjournment to review the documents in the Justice Court's file and make discovery demands. The determination of whether to grant an adjournment or a continuance is generally a matter for the trial court's discretion (see People v Spears, 64 NY2d 698, 699 [1984]; People v Stewart, 89 AD3d 1044 [2011]; People v Green, 74 AD3d 1899, 1900-1901 [2010]). Under the particular circumstances of this case, we find that the Justice Court improvidently exercised its discretion, and prejudiced defendant, by denying his adjournment request (see People v Adair, 84 AD3d 1752, 1754 [2011]). We note that CPL 170.30 (2) provides that a motion to dismiss pursuant to CPL 30.30 and 170.30 (1) (e) "should be made prior to the commencement of trial or entry of a plea of guilty." A nonjury trial commences with the first opening statement (see CPL 1.20 [11]). In the case at bar, defendant orally moved to dismiss the accusatory instrument pursuant to CPL 30.30 before the prosecutor's opening statement (see People v Jung Min, 31 Misc 3d 1203[A], 2011 NY Slip Op 50477[U] [Crim Ct, NY County 2011]). While a written motion was not made until after the trial testimony had concluded, it was the Justice Court that had denied defendant's request for an adjournment and directed defendant to submit such a written motion, with notice to the People, following the trial (see CPL 170.45, 210.45 [1]; cf. People v Lawrence, 64 NY2d at 203; People v Braun, 45 Misc 3d 130[A], 2014 NY Slip Op 51582[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).
In view of the foregoing, the judgment of conviction is reversed and the matter is remitted to the Justice Court for a new trial and to afford defendant an opportunity, if he be so advised, to make a written pretrial motion, with notice to the People, to dismiss the accusatory instrument on statutory speedy trial grounds.
Marano, P.J., Iannacci and Brands, JJ., concur.
Decision Date: April 07, 2017