People v Bookard (2019 NY Slip Op 01086)





People v Bookard


2019 NY Slip Op 01086


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2014-05064

[*1]The People of the State of New York, respondent,
v
David Bookard, appellant. (S.C.I. No. 6016/09)


Janet E. Sabel, New York, NY (William B. Carney of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Kristen A. Carroll of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joseph E. Gubbay, J., at plea; Frederick C. Arriaga, J., at sentence), rendered April 9, 2014, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On July 21, 2009, the defendant pleaded guilty under a superior court information (hereinafter SCI) to criminal sale of a controlled substance in the fifth degree. In exchange for the plea of guilty, he was placed in the Kings County District Attorney's Drug Treatment Alternative-to-Prison (hereinafter DTAP) program. The program included both residential and outpatient substance abuse treatment. Pursuant to the terms of the plea agreement, if the defendant successfully completed the program, he would be permitted to withdraw his plea and the SCI would be dismissed. However, if the defendant failed to complete the program, or violated certain conditions, including not being arrested, he would be sentenced to a term of imprisonment.
In 2013, during the outpatient treatment portion of the DTAP program, the defendant was arrested and ultimately convicted, after a nonjury trial, of sexual abuse in the third degree. In February 2014, the defendant moved pursuant to CPL 210.40 to dismiss the SCI in furtherance of justice based, inter alia, upon his completion of residential treatment and his performance in outpatient treatment. In an order dated April 8, 2014, the Supreme Court denied the defendant's motion. On April 9, 2014, the defendant was sentenced to a term of imprisonment.
"The discretionary authority to dismiss an indictment in furtherance of justice [pursuant to CPL 210.40] should be exercised sparingly and only in those rare cases where there is a compelling factor which clearly demonstrates that prosecution of the indictment would be an injustice" (People v Candelaria, 50 AD3d 913, 913 [internal quotation marks omitted]; see People v Schellenbach, 67 AD3d 712, 713; People v M.R., 43 AD3d 1188). Here, the defendant, who violated a condition of his plea agreement requiring that he not be arrested for a new crime, failed to establish any compelling factor or circumstance that would justify dismissal of the SCI in [*2]furtherance of justice (see People v Candelaria, 50 AD3d at 913-914; People v Ward, 300 AD2d 418, 418-419; People v McIlwain, 300 AD2d 320, 321). Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion pursuant to CPL 210.40 to dismiss the SCI in furtherance of justice.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court