People v Martinez (2023 NY Slip Op 50301(U))

[*1]

People v Martinez (Nicholas)

2023 NY Slip Op 50301(U) [78 Misc 3d 130(A)]

Decided on March 30, 2023

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 30, 2023
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, JAMES P.
McCORMACK, JJ

2021-672 S CR

The People of the State of New
York, Appellant,
against
Nicholas Martinez, Respondent. 

Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for appellant.

Scott Lockwood, for respondent.

Appeal from an order of the District Court of Suffolk County, First District (James
A. Saladino, J.), dated October 7, 2021. The order granted defendant's motion to vacate
judgments of conviction under docket numbers CR-023562-21SU and CR-023565-21SU
and, upon such vacatur, to dismiss in furtherance of justice, pursuant to CPL 170.40, the
simplified traffic informations which had commenced these two actions in the District
Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (under
docket numbers 181001466 and 180702405, respectively).

ORDERED that the order is reversed, on the law, and defendant's motion to vacate
the judgments of conviction under docket numbers CR-023562-21SU and
CR-023565-21SU and, upon such vacatur, to dismiss in furtherance of justice, pursuant
to CPL 170.40, the simplified traffic informations which had commenced these two
actions in the District Court of Suffolk County, Suffolk County Traffic and Parking
Violations Agency is denied.
On July 5, 2018, defendant was charged, under Suffolk County Traffic and Parking
Agency (SCTPVA) docket number 180702405, with various traffic infractions. He
pleaded guilty to the charges and the court sentenced him to pay various fines by
February 22, 2019. On [*2]September 29, 2018,
defendant was charged, under SCTPVA docket number 181001466, with various
additional traffic infractions. He also pleaded guilty to those charges and the court
sentenced him to pay various fines by April 12, 2019. Defendant failed to pay the fines
imposed and, on September 4, 2019, civil judgments were filed against defendant for the
unpaid fines and corresponding fees, and defendant's driver's license was suspended.

On November 1, 2019, defendant was charged, under District Court of Suffolk
County docket number CR-053781-19SU, with two misdemeanors—failure to
surrender license or registration (Vehicle and Traffic Law § 340 [a]) and aggravated
unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law
§ 511 [2] [a] [iv]). By notice of motion dated August 3, 2020, defendant moved, in
the District Court, for an order transferring SCTPVA docket numbers 180702405 and
181001466 to the District Court of Suffolk County "for resentencing, pursuant to CPL
420.10 (5), and consolidating those cases with [District Court docket number
CR-053781-19SU] for all purposes, including for the purpose of a resentencing of the
defendant." 
In an affirmation in support of the motion, defense counsel explained that, in the
case that was before the District Court, defendant had been offered a plea reduction to a
traffic infraction (Vehicle and Traffic Law § 511-a) in satisfaction of the two
misdemeanor charges, which was conditioned on defendant "clear[ing] his driver's
license of any suspensions or revocations." Consequently, counsel asserted that he was
seeking to transfer the SCTPVA matters to the District Court so that the license
suspensions could be lifted and defendant could obtain this disposition. In opposition, a
traffic prosecutor for the SCTPVA (see General Municipal Law §§
370-a [2]; 374 [a]) argued that there was no legal basis for the transfer, resentencing, and
consolidation, as the District Court does not have the authority to compel the SCTPVA
to transfer closed cases to it for resentencing or for any other purpose. 
In an order dated October 26, 2020, the District Court granted defendant's motion as
follows: "the motion for consolidation is granted; and the matters . . . are consolidated
with this matter; and . . . the [SCTPVA] is further directed to immediately transfer all
files, documents and papers related to such violations to the Chief Clerk of District Court
for the County of Suffolk." The District Court assigned docket number
CR-023562-21SU to SCTPVA docket number 181001466 and docket number
CR-023565-21SU to SCTPVA docket number 180702405.
By notice of motion dated July 12, 2021, defendant moved, in the District Court, for
"an order, pursuant to [CPL] 170.40 [], dismissing" SCTPVA docket numbers
180702405 and 181001466 "and ordering the [SCTPVA] to vacate the judgments
previously filed with the County Clerk for the County of Suffolk . . . along with ordering
the [SCTPVA] to lift the license suspensions pending under those two dockets for failing
to pay." In an affirmation in support of the motion, defense counsel argued that the two
SCTPVA matters should be dismissed in furtherance of justice because the SCTPVA had
failed to comply with the District Court's October 26, 2020 order and transfer the two
files. The same traffic prosecutor for the SCTPVA who had opposed defendant's prior
motion in the District Court also opposed this motion. In an order dated October 7, 2021,
the District Court granted the motion, vacated the judgments (SCTPVA docket number
180702405, now District Court docket number CR-023565-21SU, and [*3]SCTPVA docket number 181001466, now District Court
docket number CR-023562-21SU), lifted the license suspensions, and dismissed the two
SCTPVA matters. The People appeal from this order.
A motion to vacate a judgment can only be granted upon one of the specific grounds
enumerated in CPL 440.10 (1). Here, defendant failed to provide a valid statutory basis
for seeking vacatur of the two SCTPVA judgments. There also was no statutory basis for
the court to have dismissed the two SCTPVA matters. Defendant requested this relief in
furtherance of justice, pursuant to CPL 170.40. However, such a motion was not timely
since it was not made within 45 days after defendants' arraignments upon the simplified
traffic infractions in the two SCTPVA actions nor even prior to the entry of the
judgments (see CPL 170.30 [2]; 255.20 [1]). In any event, the October 7, 2021
order does not indicate that the court considered any of the factors enumerated in CPL
170.40 and the court failed to set forth its reasons for the dismissal in its order
(see CPL 170.40 [2]; People v Berrus, 1 NY3d 535, 536 [2003];
People v Colon, 86 NY2d 861, 863 [1995]; People v Rickert, 58 NY2d 122,
128 [1983]). Thus, the District Court should have denied the motion.
Accordingly, the order is reversed and defendant's motion is denied.
GARGUILO, P.J., DRISCOLL and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 30, 2023